Peter D. LEONELLI,
Plaintiff–Appellant,

v.

PENNWALT CORPORATION, Michael Young and T. Caddy, Defendants–Appellees.

No. 866, Docket 88–7997.

United States Court of Appeals, Second Circuit.

Argued March 7, 1989.

Decided Oct. 12, 1989.

James P. Burns, 3rd, Syracuse, N.Y. (Martha L. Berry, Renee L. James, Hancock & Estabrook, Syracuse, N.Y., of counsel), for plaintiff-appellant.

John D. Allen, Syracuse, N.Y. (John S. Westrick, Bond, Shoeneck & King, Syracuse, N.Y., of counsel), for defendants-appellees.

Before CARDAMONE and PRATT, Circuit Judges, and LASKER, District Judge *.

CARDAMONE, Circuit Judge:

Appellant is an at will employee who took early retirement and thereby lost certain benefits provided by his employer. Although an employer has an unquestioned right to discharge such an employee, it still must take special pains not to act in such a way as to cause its employee to lose those benefits to which he may otherwise have been entitled. Whether the employer acted in good faith at the time when the employment relationship was ended here presents a question of fact.

On Sunday afternoon, February 3, 1980, a representative of Pennwalt Corporation,

* Hon. Morris E. Lasker, United States District Court Judge for the Southern District of New York, sitting by designation.

defendant-appellee, traveled from corporate headquarters in Philadelphia, Pennsylvania to the home of Peter Leonelli, the plaintiff-appellant, in Cortland, New York. The purpose of the visit was to have Leonelli sign forms for his early retirement before he entered the hospital for serious back surgery scheduled for the following Tuesday, February 5. The events leading up to this Sunday signing may be briefly recounted.

Leonelli had been employed since 1958 as a salesman for Pennwalt, or for some 22 years, with territory covering parts of Pennsylvania and New York. Pennwalt, a large diversified company, sells chemicals, equipment and health products world-wide. The division appellant worked for, headed by defendant Terrence Caddy, sold chemicals to farm and agribusiness customers. Appellant's accounts included small individual farmers and large businesses like Hershey Foods and Agway. In 1977, during the course of a sales call, Leonelli fell from a ladder and injured his back. Although he missed several weeks of work in March 1979—due to an unrelated case of gout—appellant's back problems did not interfere with his job performance until early 1980 when the back injury became so severe that it required surgery.

On January 24, 1980 while Leonelli was at home and disabled, he received a telephone call from Caddy who informed him that his employment was being terminated due to poor job performance, and advised him that he could elect to "be fired and lose all your benefits" or "take early retirement and keep all your benefits." After exploring whether there were any other possibilities and being assured by Caddy that there were none, Leonelli asked what Pennwalt wanted him to do. Caddy's response was that he would send up early retirement papers. Leonelli said: "okay, send them up." About a week later—after learning that the original February 16th date for Leonelli's surgery had been moved ahead to February 5th—Caddy called again. He told appellant that he was sending a representative up with the papers and that it was "important that you sign them." Thus, on Sunday afternoon, two days prior to the scheduled surgery, a company representative hurried up to Leonelli's house to obtain his signature on the early retirement papers. As a result of the operation on his spine, Leonelli was permanently and totally disabled, a fact which appellees admit in their answer to plaintiff's complaint.

The following April, appellant's attorney wrote to Pennwalt requesting information regarding the benefits to which Leonelli was entitled. As part of its Pension Plan for retirees, Pennwalt has a disability retirement program, and in addition has a Long Term Disability Plan funded by an insurance policy, and a Salary Continuation Plan that provides up to 26 weeks salary to employees, if sickness or an accident prevents them from working. In response to the request for information, Pennwalt forwarded disability forms. No information was furnished regarding the Salary Continuation Plan. Pennwalt refused to pay Salary Continuation Plan benefits to Leonelli on the ground that entitlement to them ended when he chose early retirement.

In March 1982 appellant brought the instant suit against Pennwalt, Caddy, and Michael Young, Pennwalt's Manager of Employee Benefits, in the United States District Court for the Northern District of New York (McCurn, C.J.), alleging that defendants intentionally and negligently failed to inform him of other options that were available when he agreed to early retirement, and that denial of benefits under the Salary Continuation Plan constituted a breach of his employment contract. Defendants moved to dismiss plaintiff's claims relating to the disability retirement Pension Plan benefits and the Long Term Disability Plan benefits on the grounds that both of those plans are governed by ERISA and that plaintiff's purported common law causes of action were therefore preempted. Defendants also moved for summary judgment on the remaining claim asserting that the Salary Continuation Plan was unavailable to former employees. Plaintiff cross-moved for leave to amend his complaint to add ERISA claims. The district court denied plaintiff leave to amend, granted defendant's motion for

summary judgment and dismissed plaintiff's complaint. This appeal followed.

## A.

We discuss the dismissal of the common law cause of action first. Appellant contends that his complaint and motion papers demonstrate genuine issues of material fact with respect to that action asserting a claim under Pennwalt's Salary Continuation Plan. The Salary Continuation Plan provides that: "If you leave Pennwalt's employ for any reason, your participation in the Salary Continuation Plan ceases on your last day of work." Defendants claim that no breach of contract occurred under the express terms of the plan because when plaintiff chose early retirement he automatically excluded himself from salary continuation benefits. Defendants further argue that since the plan did not restrict Pennwalt's ability to discharge Leonelli, who was an "at will" employee, no misrepresentation on their part occurred. The district court agreed that since Pennwalt could have fired appellant at any time—thereby cutting off his rights to plan benefits—it did not deceive Leonelli when it told him he had only two options: retire or be fired. We disagree.

█ The quoted language of the plan is, as plaintiff contends, somewhat ambiguous. Although its language clearly prohibits a former employee from applying for salary benefits after his employment ceases, reading the plan so as to allow the company to fire an employee it knows is suffering from illness or injury rather than providing the promised benefits renders the plan's promise illusory. The facts in the record reveal that Caddy was charged with improving the profitability of the division he headed. In his zeal to accomplish that objective, he may have pushed appellant out the door without taking pains to ensure that appellant, as a disabled Pennwalt employee, fully understood what benefits he was entitled to. Plaintiff presented evidence that it has been Pennwalt's policy to provide full benefits under the Salary Continuation Plan before a decision to terminate or retire the employee is made. Defendant Young, Pennwalt's Manager of Employee Benefits, admitted in his deposition that such policy for placing an incapacitated employee on the Salary Continuation Plan may have been violated in Leonelli's case. Obviously, the fact that Leonelli was an employee at will, subject to discharge anytime, does not relieve Pennwalt of the obligation of dealing fairly with its employees and of living up to its promise to pay limited benefits to such employee when he is incapacitated or ill.

█ Under Fed.R.Civ.P. 56(c), a trial judge shall grant summary judgment if the evidence offered demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All in all, viewing the record in a light most favorable to appellant, *see United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam), we think reasonable minds could differ regarding the meaning of the quoted portion of the Salary Continuation Plan and Pennwalt's policy in applying it. In sum, there are questions of fact present. Under such circumstances, disposing of plaintiff's common law cause of action under that plan by summary judgment was inappropriate. *See Liberty Lobby*, 477 U.S. at 250, 106 S.Ct. at 2511.

## B.

█ We consider next the district court's refusal to permit plaintiff to amend his complaint to plead ERISA claims. Although leave to amend a pleading under the Federal Rules of Civil Procedure "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), such leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Judge McCurn properly denied plaintiff's motion to amend his complaint to attempt to recast his remaining common law causes of action as ERISA claims on the ground of futility. Claims

under the Long Term Disability Plan would be futile because, under the terms of that plan, whatever benefits Leonelli could recover would be completely offset by worker's compensation and social security benefits he presently receives. His entitlement to Long Term Disability Benefits would therefore be zero.

Further, in order to be eligible for disability benefits under the terms of the Pension Plan, plaintiff is required to submit medical certification that he is totally and permanently disabled. Pennwalt gave him the option to convert his early retirement benefit to a disability retirement benefit that would have meant a modest increase in his monthly benefits check, but appellant has steadfastly refused to submit the proper certification. From its brief, it appears that Pennwalt commendably continues to extend such an option to Leonelli. Plainly, plaintiff cannot demonstrate that the company has prevented him from becoming eligible under the plan. Hence, his proposed amended claim for interference with the attainment of ERISA rights pursuant to 29 U.S.C. § 1140 (1982) would be futile.

■ Appellant's attempt to assert a claim under ERISA § 1132(c) that his employer failed to supply requested information would, if permitted, be subject to a statute of limitations defense. The original complaint stated claims of misrepresentation and breach of contract, not failure to supply materials required by ERISA. Although the failure to supply information arguably arises out of the same "transaction or occurrence" as the original misrepresentation, namely plaintiff's termination, and thus could be said to relate back to the original complaint, denial of the amendment under these circumstances does not amount to an abuse of the district court's discretion. In addition, appellant failed to demonstrate that any of his requests for information specified materials required to be furnished under ERISA.

■ Plaintiff also proposes to allege that individual defendants Caddy and Young breached their fiduciary duty under ERISA's § 1104. Yet, because neither of these two defendants have any discretion-

ary authority regarding the Pension Plan, they are not fiduciaries of the plan as defined by § 1002(21)(A). Thus, allowing a claim under § 1104 would also be futile. In addition, the proposed amended cause of action under ERISA's civil enforcement provision, § 1132(a)(1)(B), for failure to pay benefits due under the Pension Plan would be barred by plaintiff's failure to name the Pension Administrative Committee as a defendant. In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable. *See* § 1132(d)(2); *see also Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324–25 (9th Cir. 1985) (per curiam). Moreover, Leonelli made no attempt, as required, to exhaust the administrative remedies provided for under the plan. *See Kross v. Western Electric Co., Inc.*, 701 F.2d 1238, 1246 (7th Cir.1983).

Consequently, the district court properly denied appellant's motion to amend his complaint to allege ERISA causes of action.

C.

The district court's grant of summary judgment dismissing plaintiff's complaint on the common law misrepresentation and breach of contract claims regarding the Salary Continuation Plan is reversed, and the matter is remanded to the district court for further proceedings on the merits. The denial of leave to amend plaintiff's complaint to state claims under ERISA is affirmed.

Affirmed in part, reversed in part, and remanded.