[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Should the defendant's motion to dismiss be granted on the ground that the plaintiff's claim falls within the scope of the Employer's Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq. ("ERISA"), which confers exclusive jurisdiction on the federal courts?
FACTS
On July 24, 1993, Richard J. Freiheit ("plaintiff") filed a complaint against John Woyke ("defendant") alleging nonpayment of a promissory note that the defendant personally guaranteed. In his complaint the plaintiff alleges the following. On March 31, 1983, American Sunsystems Inc. made, executed and delivered a promissory note payable to Richard J. Freiheit, D.D.S. P.C. Profit Sharing Trust ("Trust"). The note was payable as follows: (1) interest only in the amount of $3,000.00 due October 1, 1983, (2) sixty consecutive monthly installments of principal, and (3) interest in the amount of $1,112.30 due beginning November 1, 1983, with final payment on October 1, 1988. Before delivery, the defendant unconditionally endorsed the note. The trust subsequently assigned the note to the plaintiff. The note was presented for payment but payment was not made. On Dec. 15, 1983, American Sunsystems received formal notice of default of the note, acceleration of payment and demand for payment in full. On April 9, 1984, the defendant received further notice of default. The corporation made interest payments until December 14, 1984. No further payments were made on the note after Dec. 14, 1984. (Affidavit of Defendant).[1]
CT Page 8998
In his answer, the defendant raises four special defenses and a counterclaim. The first and second special defense assert that the action is barred by the statute of limitations. The third special defense claims the note is usurious. The fourth special defense asserts that defendant's personal guarantee is unenforceable because it lacked consideration. The defendant's counterclaim alleges that the plaintiff intentionally mislead the defendant into believing that he had personally guaranteed the note.
On or about November 2, 1994, the defendant filed a motion to dismiss on the ground that this court lacks subject matter; jurisdiction over the plaintiff's claims. The defendant argues that "[f]ederal [g]overnment under its ERISA statutes has the sole and exclusive jurisdiction to litigate and determine the rights' under a `Profit Sharing Trust.'" In an opposing memorandum of law, the plaintiff argues that the present action involves an action to collect on a note and does not involve a determination of any issues within the scope of ERISA.
DISCUSSION
A motion to dismiss is proper if there is a lack of subject matter jurisdiction. See, e.g., Ambroise v. William Raveis RealEstate Inc., 226 Conn. 757 (1993). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Id. "If the face of the record indicates the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 632
(1983). In deciding a motion to dismiss, the court should follow the "established principle that every presumption is to be indulged in favor of jurisdiction." LaConche v. Elligers, 215 Conn. 701,709-710 (1990).
Congress enacted ERISA to protect participants in employee benefit plans from the "possibility that the employee's expectation of the benefit would be defeated through poor management by the plan administrator." Dipietro-Kay v. Interactive Benefits Corp.,825 F. Sup. 459, 461 (D. Conn. 1993). "The statute imposes participation, funding and vesting requirements on pension plans. It also sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plans. Ingersoll-Rand Co. v. McClendon,498 U.S. 133 (1990) quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85,90 (1983). "[T]he goal of ERISA [is] to provide uniform, national CT Page 8999 regulation of benefits plans." Aetna Life Ins. Co. v. Borges,869 F.2d 142, 147 (2nd Cir. 1989) (holding that ERISA does not preempt Connecticut's escheat law.) ERISA contains a broad preemption clause. 29 U.S.C.S. § 1132. It provides, in pertinent part:
 Except for actions under subsection (a)(1)(B) of this section, the district court of the United States shall have exclusive jurisdiction of civil actions under this title brought by a participant, beneficiary, or fiduciary.
Since the present action is not an action brought by a participant or beneficiary against a plan or an administrator seeking to recover benefits due to him or her under terms of the plan, it is not an action under (a)(1)(B). See Leonelli v.Pennwalt Corp., 887 F.2d 1195, 1199 (2nd Cir. 1989). Therefore, the issue presented to this court is whether the plaintiff's complaint, which arises from the alleged failure of the defendant to pay a note payable to a Profit Sharing Trust falls within the exclusive jurisdiction of the federal court.
In order for the court to decide whether the federal court has exclusive jurisdiction over this matter it must determine whether:, (1) there was a "plan"; (2) the plaintiff is a participant, beneficiary or fiduciary; and (3) this case involves a civil action relating to ERISA.
1. Plan
Both of the parties agree a profit sharing trust was established for Richard J. Freiheit D.D.S. P.C. Profit Sharing Trust. Neither party, however, provided the court with any details regarding the administration, structure or terms of the plan to help the court decide whether the plan falls within the scope of ERISA. Through a review of treatises, e.g., 60A Am.Jur.2d § 845 (1988 and Supp. 1995) and ERISA's policy statement (29 U.S.C.S. 1001), the court finds that by definition a profit sharing trust falls within the scope of ERISA. The issue then becomes whether29 U.S.C.S. § 1341 applies and whether the plan was properly terminated subject to this provision. If the statutory provision applies and the plan was properly terminated, ERISA no longer governs the present dispute because of 29 U.S.C.S. § 1341 six-year statute of limitations.
Under 29 U.S.C.S. § 1341, a single-employer plan may be terminated subject to subsection (b) of that section. A single-employer CT Page 9000 plan means "any defined benefit plan (as defined in section 3 (35)[29 U.S.C.S. § 1002(35)) which is not a multi-employer plan." 29 U.S.C.S. § 1301(15). In turn, 29 U.S.C.S. § 1002(34) provides that a defined benefit plan is "a pension plan other than individual account plan . . . ." An individual account plan is synonymous with a defined contribution plan.29 U.S.C.S. § 1002(35). A profit sharing plan is a defined contribution plan. 60A Am.Jur.2d § 845 (1988 and Supp. 1995). Therefore, since the Trust is a defined contribution plan, it does not fall within the termination provisions of 29 U.S.C.S. § 1341. Consequently, the six-year time limitation on bringing a claim does not apply. Moreover, no other ERISA section invokes a time bar to this action.[2] Thus, although the plaintiff alleges the plan was terminated, ERISA would still govern any issue within its' scope. Moreover, since 29 U.S.C.S. § 1341 does not apply, the question of whether the plan was properly terminated under 29 U.S.C.S. § 1344
is irrelevant. Therefore, as to the above, ERISA still governs and the court will now consider whether the plaintiff is a proper party to bring an action under 29 U.S.C.S. § 1132(e).
2. Proper Party
In order for the federal courts to have exclusive jurisdiction over the present action, the action must be brought by a participant, beneficiary or fiduciary. 29 U.S.C.S. § 1132(e); seePressroom Unions. Etc. Fund v. Continental Assur. Co., 700 F.2d 889
(2nd Cir. 1983).
In passing ERISA, Congress intended to protect employees from an employer's exploitation or misuse of its' pension fund.29 U.S.C.S. § 1001(a). Accordingly, only "participants' "beneficiaries, "fiduciaries," and in some cases the Secretary are empowered to bring civil enforcement actions under ERISA.29 U.S.C.S. § 1132. In the present case, the plaintiff is the employer (Defendant's Reply Memorandum to the Objection to the Motion to Dismiss p. 5) and the owner of the professional corporation (Defendant's Motion to Dismiss p. 3). The defendant argues that the plaintiff was a participant of the plan and therefore is a proper party to bring an action under ERISA.
ERISA defines a participant as:
 any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an CT Page 9001 employee benefit plan which covers employees of such employer or member of such organization, or whose beneficiaries may be eligible to receive any such benefit.
29 U.S.C.S. § 1002(7).
ERISA defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C.S. § 1002(5). Under these definitions "employee and employer are plainly meant to be separate animals [and] . . . the twain shall never meet." Kwatcher v. Mass.Service Emp. Pension Fund, 879 F.2d 957, 959 (1st Cir. 1989) (holding that there is no private cause of action under ERISA for an employer to recover overpayments to a pension plan); see alsoGiaardono v. Jones, 867 F.2d 409 (7th Cir. 1989). Congress intended the definition of an employer to encompass those persons "who have the status of an employee under a collective bargaining agreement." Kwatcher v. Mass. Service Emp. Pension Fund, supra, 879 F.2d 959. Thus, "given conventional labor-law principles, that refinement of the employee rubric seemingly excludes management figures. Id., 960. Moreover, the Secretary of Labor, pursuant to its statutory authority,[3] issued a regulation that states:
 An individual . . . shall not be deemed to be employee with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual . . .
29 C.F.R. § 2510.3-3(c)(1) (1994).
Therefore, a sole shareholder of a corporate employer is an employer. See Kwatcher v. Mass. Service Emp. Pension Fund, supra, 879 F.2d 961. Thus, since the plaintiff is the sole owner of the corporation, he is an employer. Accordingly, he cannot be classified as a "participant." This proposition remains true even if the employer also works as an employee of the corporation. Id., 961-62.
ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."29 U.S.C.S. § 1002(8). There is no allegation nor any evidence that the plaintiff is a beneficiary.
ERISA defines a "fiduciary" CT Page 9002
 as a person who exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.
29 U.S.C.S. § 1002 (21)(A)
The defendant has not alleged any of the above criteria. Therefore, the court declines to find that the plaintiff was a fiduciary. Consequently, the plaintiff is not an individual authorized to bring a civil enforcement action under ERISA. Thus, because Congress enacted ERISA to protect employees, beneficiaries and fiduciaries and the plaintiff is none of these, the preemption claim must fail. Assuming argued, that the plaintiff is an employee or a fiduciary under ERISA, the court next addresses whether the present action is one that falls within ERISA's parameters.
3. Civil Action Must be Under the Scope of ERISA
"ERISA was enacted to protect participants in employee benefits plans from the "possibility that the employee's expectation of the benefit would be defeated through poor management by the plan administrator." Dipietro-Kay v.Interactive Benefits Corp., supra, 825 F. Sup. 461 (D. Conn. 1993). "The statute imposes participation, funding and vesting requirements on pension plans. It also sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plants."Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990) quoting Shawv. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). "[T]he goal of ERISA [is] to provide uniform, national regulation of benefits plans. Aetna Life Ins. Co. v. Borges, supra, 869 F.2d 147. Thus, while 1132(a)(3) confers standing upon individual beneficiaries or participants, it does so only to the extent that such individuals seek appropriate equitable relief for violations of ERISA. McCabev. Trombley, 867 F. Sup. 120 (N.D.N.Y. 1994).
In the present case, the plaintiff's claim does not allege any CT Page 9003 violations of ERISA. He is not challenging any action taken by the defendant in the course of administering the plan, e.g., processing a claim or disbursing a benefit; nor does the plaintiff claim any right under a benefits plan, dispute its terms, or attempt to modify it. Moreover, it is not an action by an employee to collect benefits nor does it affect how benefits are to be calculated or the administration of a plan. It is merely an action based on principles derived from general applicable state commercial law. The plaintiff is trying to collect on a note that the defendant personally guaranteed. The defendant raised the defense that the note in question was not properly assigned to the plaintiff since it violated, inter alia, 29 U.S.C.S. § 1106.[4] It is within this court's power to determine issues regarding an assignment of a note. See Cheshire Commercial Corp. v. Messier, 6 Conn. Cir. 542 (1971). Thus, while the defendant's argument may be a defense to the action, it is not relevant to the issue of jurisdiction. Accordingly, the court does not view this action as within the exclusive jurisdiction of ERISA.
The court is aware of at least one Connecticut court that held that the adjudication of the right to receive payment on the guaranty of a pension plan contributions falls within the exclusive jurisdiction of the federal courts. Eacott v. Insurance Co. ofNorth America, Superior Court, JD of New Haven at New Haven, DN. 357998, 12 Conn. L. Rptr. 56 (June 23, 1994). This case, however, is distinguishable from the present case. In Eacott, the trustees of a union pension fund sued in state court to enforce a surety-bond that ensured, inter alia, that a sub-contractor would make pension plan and health fund contributions for labor union employees. The plaintiffs argued that the claim arose solely under C.G.S. § 49-42, which governs construction bonds and their enforcement and did not involve any ERISA determinations. The court, however, found that the federal court had exclusive jurisdiction of the matter since "[a]djudication of the liability of the surety will inevitably require adjudication as to what contributions were due." In the present case, however, there is no dispute about what contributions were due. The note, which was an asset of the plan, was for a fixed amount. Therefore, a determination of what is due and owing is not necessary. Moreover, the court based its decision, inter alia, on the fact that "application of the ERISA preemption provisions will [not] deprive the plaintiffs of a remedy." As noted earlier, supra, page 5, ERISA only provides time limitations on actions based on breach fiduciary duty. This does not, however, mean an ERISA suit can never be time barred. On several occasions courts have held that CT Page 9004 the most appropriate state statute of limitations will apply. See e.g., Salyers v. Allied Corp., 642 F. Sup. 442 (E.D.Ky. 1986);Johnson v. State Mut. Life Assur. Co. of America, 942 F.2d 1260
(8th Cir. 1991). Accordingly, the plaintiff might be without a remedy if he proceeds under ERISA.[5] The plaintiff is not a participant in, beneficiary or fiduciary of the plan, nor does this case fall within the parameters of ERISA since the plaintiff does not allege any violations of ERISA. Furthermore, the plaintiff may be without a remedy if he proceeds under ERISA. Accordingly, ERISA does not preempt this action. The motion to dismiss is denied.