107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Irving SCHMOOKLER, Nicholas R. Doman, Plaintiffs,
Robert KENAVAN and Mildred La Bosco, Plaintiffs-Appellants,
v.
EMPIRE BLUE CROSS AND BLUE SHIELD, Defendant-Appellee.
 No. 96-7799.
 United States Court of Appeals, Second Circuit.
 Feb. 14, 1997.
 
 1
 Appearing for Appellants: Peter Clines, Landy & Seymour, New York, New York.
 
 
 2
 Appearing for Appellee: Robert A. Bicks, Whitman Breed Abbott & Morgan, New York, New York.
 
 
 3
 Present: OAKES, WINTER, Circuit Judges, and SAND,* District Judge.
 
 
 4
 Robert Kenavan and Mildred La Bosco appeal from Judge Wood's dismissal of their claims under ERISA for reimbursement of health care benefits. Appellants are named plaintiffs in a class action alleging that Empire Blue Cross and Blue Shield ("Empire") breached its "Medigap" supplemental insurance policies by refusing to fully cover policyholder's copayments after the Gramm-Rudman-Hollings Act reduced the federally-covered Medicare portion of medical charges. In response to a motion for summary judgment by both parties, the district court divided the class into three subclasses consisting of:
 
 
 5
 (1) Class members who are covered by ERISA policies and have not exhausted their administrative remedies ("Subclass One"); (2) Class members who are covered by ERISA policies and have exhausted their administrative remedies ("Subclass two"); and (3) Class members who are covered by individual policies ("Subclass Three").
 
 
 6
 Kenavan v. Empire Blue Cross and Blue Shield, 1996 WL 14446, at * 4 (S.D.N.Y. Jan 16.1996). The court dismissed Subclass One, whose representatives are appellants Kenevan and La Bosco, for failing to exhaust its administrative remedies. The court conditionally dismissed Subclass Two because none of the named plaintiffs was a member of the class, granting thirty days for a member of that class to intervene. When no member of Subclass Two intervened, the court dismissed Subclass Two and remanded the remaining Subclass Three claims to state court.
 
 
 7
 Kenevan and La Bosco challenge the district court's dismissal on two grounds: (i) the court erroneously found that plaintiffs had notice of Empire's appeals procedure because the court misinterpreted two unrelated Medicare and Medigap documents as a single letter; and (ii) even if notice of an appeals procedure was adequate, exhaustion would have been futile. While Empire concedes that the district court misinterpreted the Empire and Medigap documents, it maintains that plaintiffs nonetheless had ample notice of Empire's review process. We agree.
 
 
 8
 The district court found that a notice located on the first page of a two-page letter explaining Medicare and Medigap benefits--"IMPORTANT: If you do not agree with the amount approved you must ask for review"--was "sufficient to have required plaintiffs to appeal their claims ... before bringing this suit." 1996 WL 14446, at * 3. The court, however, misunderstood the two pages to be a single document where in fact each page was a separate document sent on a different date.
 
 
 9
 Despite the district court's misinterpretation of these documents, we find that Empire provides its policy-holders adequate notice of its appeals process. After Empire appraises a claim, it sends the claimant an explanation of benefits form containing notice of Empire's administrative remedies. The form's relevant language states:
 
 
 10
 You or your authorized representative may request a review of this claim within 60 days by writing to the Claim Review Coordinator at the address indicated on the reverse side of this form in the upper left had corner giving your identification number and the claim number indicated. You may also submit any additional information and comments. We shall then review your claim and advise you in writing on the specific reasons for our decision.
 
 
 11
 Appellants argue that this notice is inadequate because, in their view, notice must appear in the actual insurance contract. However, the cases appellants rely on for this proposition merely state that plaintiffs must exhaust administrative appeals provided for by the benefit plan or policy, without addressing how notice of the review process should be provided. See Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 594 (2d Cir.1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir.1989); Alfarone v. Bernie Wolff Construction Co., 788 F.2d 76, 79 (2d Cir.), cert. denied, 479 U.S. 915 (1986); see also Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir.1994). None of these cases holds that notice of the appeals process must be provided in the insurance contract. ERISA itself requires only "adequate notice" of claim adjudication and a "reasonable opportunity" for a full and fair review. 29 U.S.C. § 1133. Under ERISA, every employee benefit plan must:
 
 
 12
 (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.
 
 
 13
 Id. Similarly, federal regulations require that policies under ERISA provide notice of review procedures together with notice explaining the adjudication of submitted claims. 29 C.F.R. § 2560.503-1(f)(4). Empire's statement explaining its appeal procedure printed on its explanation of benefits forms satisfies these requirements. Accordingly, we affirm the district court's finding that Empire provided sufficient notice of plaintiffs' administrative remedies.
 
 
 14
 The appellants further claim that even if notice of Empire's review process was adequate, the exhaustion of administrative remedies requirement should be waived because any appeal would be futile. See State of New York v. Sullivan, 906 F.2d 910, 917-918 (2d Cir.1990). However, appellants failed to raise the futility claim in the district court, and have therefore waived it on appeal. Grace Towers Tenants Ass'n v. Grace Hous. Dev. Fund Co., 538 F.2d 491, 495 (2d Cir.1976).
 
 
 15
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation