Jason A. BRANDON

v.

AETNA SERVICES INC., successor in interest to Aetna Life & Casualty Co., et al.

No. 3:98CV00715(JBA).

United States District Court, D. Connecticut.

Sept. 29, 2000.

**MEMORANDUM OF DECISION ON OBJECTIONS TO RECOMMENDED RULING ON MOTIONS FOR SUMMARY JUDGMENT [DOCS. ## 54, 57, 63]**

ARTERTON, District Judge.

## I. Background

In this case involving the denial of medical benefits, plaintiff Jason Brandon alleges that defendants Aetna Services, Inc. as successor in interest to Aetna Life and Casualty Co. ("Aetna"), United Healthcare Services Inc. and United Healthcare Insurance Company, acting by and through its division Healthmarc ("Healthmarc"), violated ERISA, 29 U.S.C. § 1332(a)(1)(B) by failing to pay the cost of his required medical care. *See* Amended Compl. ¶¶ 22–25 (Count 1). All three parties moved for summary judgment [Docs. ## 54, 57, 63], and a Recommended Ruling was entered by Magistrate Judge Margolis on September 12, 2000 [Doc. # 88], granting in part and denying in part each party's motion for summary judgment. All three parties have objected to the Recommended Ruling. For the reasons discussed below, plaintiff's Objections to the Recommended Ruling are SUSTAINED IN PART and OVERRULED IN PART; defendant Healthmarc's Objections to the Recommended Ruling are OVERRULED and defendant Aetna's Objections to the Recommended Ruling are SUSTAINED.

## II. Discussion

### A. Summary judgment

Under Fed.R.Civ.P. 56(c), a motion for summary judgment shall be granted when "there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law." In general, "all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Tomka v. Seiler,* 66 F.3d 1295, 1304 (2d Cir.1995).

There is a "genuine issue" of material fact only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is proper only when reasonable minds could not differ as to the import of the evidence. *See Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505. A "material fact" is "an essential fact of the nonmoving party's case," *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548, or a "fact that might affect the outcome of the suit," *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

B. Aetna's Motion for Summary Judgment

■ In her Recommended Ruling, Magistrate Judge Margolis correctly determined that Aetna was not a Plan Administrator for purposes of ERISA. She also found that any fiduciary duty Aetna may have owed to Brandon was never triggered, because Brandon never appealed the denial of his benefits to Aetna. However, because she found that there was a disputed issue of fact with respect to whether Aetna was a fiduciary, Aetna's motion for summary judgment was denied, in part. In its Objection to the Recommended Ruling [Doc. # 92], Aetna notes that any issue regarding whether it was a fiduciary is moot, in light of the determination that Aetna never acted as a fiduciary. This Court agrees. Therefore, Aetna's Objections are SUSTAINED, and Aetna's Motion for Summary Judgment is granted in its entirety.

C. Healthmarc's and Brandon's Motions for Summary Judgment

Healthmarc has objected to Magistrate Margolis's Recommended Ruling to the extent that she ruled a) that disputed issue of fact remain as to whether Healthmarc is a fiduciary and as to who makes a final determination regarding benefit payments, and therefore denying Healthmarc's motion as to whether it is a fiduciary under the Plan; b) that a factual dispute exists regarding the appropriate standard of review, and therefore denying Healthmarc's motion as to the standard of review; c) that the question of exhaustion of administrative remedies turns on whether Healthmarc's letters adequately conform to ERISA's notice requirements; d) that Brandon exhausted his administrative remedies with respect to coverage of his treatment at the Hanley Hazelden hospital in January 1997; e) that a genuine issue of material fact exists as to whether Brandon exhausted his administrative remedies with respect to coverage for treatment in the Spruce Mountain Inn in December 1997, and therefore denying Healthmarc's motion with respect to exhaustion; and f) denying Healthmarc's motion with respect to whether the decision to deny coverage for the Hazelden treatment was arbitrary and capricious. Brandon has replied to these objections.

In addition, Brandon has objected to some of the factual statements contained in the Recommended Ruling and to the denial of summary judgment with respect to the exhaustion of administrative remedies regarding coverage for the December 1997 treatment at Spruce Mountain Inn. Absent reply by Aetna or Healthmarc, Brandon's objection seeking modification of the factual statements is sustained and the Recommended Ruling is so modified.

Because the Recommended Ruling is organized thematically rather than by party, and the parties' objections have followed that structure, this Court addresses the remaining objections in the same manner.

1. *Healthmarc is a fiduciary*

Magistrate Margolis found that there was a disputed issue of fact regarding whether Healthmarc is a fiduciary under ERISA, 29 U.S.C. § 1002 *et seq.,* and therefore denied summary judgment on this issue. For the following reasons, this Court finds that Healthmarc is a plan fiduciary under ERISA, and that no disputed issue of fact remains.

■ Despite self-serving language to the contrary in its agreement with Arthur Andersen indicating that it is not an ERISA fiduciary, under the Plan, Healthmarc clearly had ultimate responsibility for determining medical necessity. There was no avenue of appeal to either Aetna nor Andersen of this determination. Although Healthmarc quotes selectively from the Plan in its argument that the section entitled "Appeal of Procedural Errors" also encompasses a determination of whether the contract has been adhered to, thus making any decision by Healthmarc subject to final review by Andersen, this Court finds such a reading strained beyond credulity. First, the Plan indicates that with respect to determinations of medical necessity by Healthmarc, only procedural errors are to be appealed to Andersen. The reference to compliance with the contract refers to the appeal of decisions by the HMO, not by Andersen. Second, the Plan is replete with references to Healthmarc as the sole decisionmaker on the threshold question of medical necessity. Although Healthmarc is correct that it is not the final decisionmaker with respect to all aspects of grants of coverage, because it functioned as a gatekeeper for denials of coverage, its "recommendations" of ineligibility were final, and it is therefore a fiduciary under the meaning of ERISA.

Healthmarc's objections to this part of the Recommended Ruling are therefore overruled and the Recommended Ruling is modified to find that Healthmarc is a fiduciary.

2. *Brandon exhausted his administrative remedies with respect to both the Hanley Hazelden and the Spruce Mountain Inn coverage disputes*

Although concluding that Brandon had exhausted his administrative remedies with respect to the Hazelden treatment, Magistrate Margolis found that a disputed issue of fact remained with respect to the Spruce Mountain Inn treatment coverage dispute, because of letters sent by Healthmarc to Brandon stating that he should pursue other avenues of ERISA appeal under the Plan provisions.

This Court adopts the determination that Brandon exhausted his administrative remedies with respect to the Hazelden treatment for the reasons set forth in the Recommended Ruling. Accordingly, Healthmarc's objections to this part of the Recommended Ruling are overruled.

■ The Court also finds that by pursuing the appeals process provided by Healthmarc as established by the Plan, Brandon exhausted his administrative remedies with respect to the Spruce Mountain Inn treatment. The letters sent by Healthmarc do not raise a disputed issue of material fact regarding exhaustion, because although stating that Brandon could pursue additional avenues of appeal pursuant to the Plan provisions, the Plan unmistakably provides that the sole appeal process for disputing Healthmarc's substantive determination of medical necessity is by appealing to Healthmarc, which Brandon did. Therefore, Brandon's objections to this part of the Recommended Ruling are sustained, and Healthmarc's objections are overruled. The Recommended Ruling is modified to find that Brandon exhausted his administrative remedies as to both denials.

3. *The appropriate standard of review is de novo*

Healthmarc objects to Magistrate Margolis' conclusion that there is a disputed issue of material fact that precludes sum-

mary judgment on the issue of the standard of review and that the appropriate standard is arbitrary and capricious. This Court agrees that there is no disputed issue of fact, but finds that the standard of review that applies to Healthmarc's decision of a lack of medical necessity is de novo.

■ As noted previously, the Plan gives Healthmarc the authority to make the determination of medical necessity. However, simply reserving the right to make a determination of medical necessity cannot satisfy the requirement in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), of an explicit reservation of discretion. *See Christian v. Dupon–Waynesboro Health Care Coverage Plan,* No. CIV. A.96–0011–H, 1997 WL 470361 (W.D.Va. July 10, 1997) ("a designation of who makes the determination of a claim does not in and of itself constitute a reservation of discretion to the decision maker"); *Barnable v. First Fortis Life Ins. Co.,* 44 F.Supp.2d 196, 201–02 (E.D.N.Y.1999) ("Discretion is not found 'merely because the administrator has the power to deny a claim.' ") (*quoting MacMillan v. Provident Mutual Life Ins. Co.,* 32 F.Supp.2d 600, 609 (W.D.N.Y.1999)).

■ In order for the arbitrary and capricious standard to apply, "[w]hat is necessary is an expression of a clear intent to vest the administrator with discretionary authority." *Id.* at 202. "[A]ny ambiguities must be construed against the administrator and in favor of the party seeking judicial review." *Arthurs v. Metropolitan Life Ins. Co.* 760 F.Supp. 1095, 1098 (S.D.N.Y. 1991).

Here, there is no explicit grant of discretion in the Plan. Although the Plan gives Healthmarc the responsibility of indicating to Aetna whether a treatment for which coverage is requested is medically neces-

sary. Although "magic words" are not required, something more than simply the authority to make a decision is clearly necessary. Because the Court finds that the Plan is ambiguous at best regarding the degree of discretion retained by Healthmarc, the appropriate standard of review is *de novo.*

Healthmarc's objections to the Recommended Ruling are overruled and the Recommended Ruling is modified to reflect a *de novo* standard of review to be applied.

4. *Brandon is not entitled to summary judgment because Healthmarc is not a proper party to be sued under 29 U.S.C. § 1132(a)(1)(B)*

■ Although Healthmarc does not raise this grounds for either its motion for summary judgment or opposition to Brandon's motion for summary judgment, for the reasons discussed below, Brandon is not entitled to summary judgment under 29 U.S.C. § 1132(a)(1)(B) (Count 1). Therefore, this Court will not determine whether the medical evidence supported Healthmarc's decision to recommend that the treatment sought was not medically necessary.

Section 1132(a)(1)(B) provides that "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Here, Andersen is the Plan Administrator, and Healthmarc, as discussed above, is a Plan fiduciary. However, § 1132(a)(1)(B) only permits a participant to recover benefits directly from the Plan as an entity. *See* 29 U.S.C. § 1132(d)(1); *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1199 (2d Cir.1989). Although both Brandon and Healthmarc appear to have assumed that

Brandon alleged a breach of fiduciary duty under ERISA, 29 U.S.C. §§ 1001 *et seq.*, and Brandon's original Complaint did indeed contain such a count, the Amended Complaint does not.

## IV. CONCLUSION

Aetna's Objections to the Recommended Ruling are SUSTAINED, and Aetna's Motion for Summary Judgment [Doc. # 63] is GRANTED.

Brandon's Objections to the Recommended Ruling are SUSTAINED. Brandon's Motion for Summary Judgment [Doc. # 54] is DENIED IN PART and GRANTED IN PART, with respect to whether Healthmarc is a fiduciary, whether Brandon exhausted his administrative remedies, and the appropriate standard of review of the denial of coverage.

Healthmarc's Objections to the Recommended Ruling are OVERRULED. Healthmarc's Motion for Summary Judgment [Doc. # 57] is DENIED.

Any Motion for Leave to Amend the Complaint to allege a breach of fiduciary duty by Healthmarc, consistent with plaintiff's original Complaint, shall be filed by October 16, 2000. Any opposition shall be filed by October 30, 2000.

The Clerk is directed to enter judgment in favor of defendant Aetna Services Inc., successor in interest to Aetna Life and Casualty Co., only.

IT IS SO ORDERED.