Diane S. FORTUNE, Plaintiff,

v.

GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF KEYS-PAN CORPORATION, Hartford Life Insurance Company, Oxford Health Plans, Metropolitan Life Insurance Company, Defendants.

No. 08–CV–1017 (ADS)(ETB).

United States District Court, E.D. New York.

Nov. 29, 2008.

The ERISA Law Group, by Thornton L. Davidson, Esq., of Counsel, Fresno, CA, for Plaintiff.

Sedgwick, Detert, Moran & Arnold LLP, by Michael H. Bernstein, Esq., John

Thomas Seybert, Esq., of Counsel, New York, NY, for Defendants Group Long Term Disability Plan for Employees of Keyspan Corporation and Hartford Life Insurance Company.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Diane S. Fortune ("Fortune" or "the Plaintiff") seeks leave of the Court to amend her complaint to assert a claim on behalf of herself and a proposed class of beneficiaries who allege that the Defendant Hartford Life Insurance Company ("Hartford") improperly offset their monthly long-term disability benefits by the amount their dependents received in Social Security Disability Income ("SSDI"). For the reasons that follow, the Plaintiff's motion to amend her complaint is denied.

### I. BACKGROUND

Fortune worked as a tax attorney for Keyspan Corporation from 1993 until February 1, 2004. During her tenure at Keyspan, she was a participant in the Group Long Term Disability Plan for Employees of Keyspan Corporation ("the Plan"), an employee welfare benefit plan regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. The Plan was insured by Hartford, and Hartford administered all claims for benefits under the Plan.

The Plaintiff received long-term disability benefits from May of 2004 through June of 2006, after Hartford determined she was disabled due to complications from multiple sclerosis. Hartford paid these benefits subject to a provision in the Plan that entitled Hartford to recover any overpayments that should have been offset by a beneficiary's receipt of "Other Income Benefits," such as SSDI payments. In June of 2006, Hartford denied the Plaintiff's claim for continuing long-term disability benefits and subsequently denied the Plaintiff's administrative appeal of that decision.

However, while the administrative appeal was pending, the Plaintiff alleges that the Social Security Administration informed her on or about September 11, 2006 that she was eligible to receive retroactive SSDI benefits in the amount of $1,804 per month dating back to July of 2004. In light of the Plaintiff's disability, her children were also awarded SSDI benefits in the amount of $902 per month as of July 2004. By letters dated June 4, 2007 and August 1, 2007, Hartford requested that the Plaintiff provide documentation with regard to the Social Security award so that Hartford could calculate whether it was entitled to repayment under the offset provision in the Plan. Although the Plaintiff did not respond to these requests, in November of 2007 Hartford advised her that, in light of the retroactive SSDI payments, they believed she had received $68,108.43 in overpaid benefits under the Plan.

The Plaintiff did not respond to Hartford's request for restitution of the alleged overpayments. However, on March 11, 2008, the Plaintiff commenced this lawsuit against the Plan and Hartford among others, seeking a declaratory judgment that she is entitled to the full amount of the long-term disability benefits Hartford paid to her under the Plan. The Defendants filed an answer to the complaint on May 27, 2008, asserting a counterclaim that they were entitled to offset the Plaintiff's monthly long-term disability payments by the amount of SSDI payments made to her *and* her dependent child.

In July of 2008, the Plaintiff sought leave to amend her complaint to assert a

claim on behalf of herself and a proposed class of plaintiffs who allege that Hartford improperly offset their monthly long-term disability benefits by the amount of SSDI payments their dependent children received. The Defendants argue that the proposed amended claim is futile because the Plan clearly permits Hartford to make such an offset.

## II. DISCUSSION

### A. Standard—Motion to Amend

■ A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which states that leave to amend "shall be freely given when justice so requires." "Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis*, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir.2005); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995)). A proposed amendment is futile if the proposed claim could not withstand a 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir.2002).

### B. Plaintiff's Motion to Amend the Complaint

Fortune does not dispute that the Plan permits Hartford to offset her long-term disability benefits by the amount in SSDI benefits *she* receives. However, Fortune argues that the Plan does not give Hartford the authority to offset her benefits by the amount in SSDI payments her dependent children receive. In order to review this claim, the Court must turn to the language of the Plan.

The Plan provides that monthly benefits may be offset by the amount of "Other Income Benefits" received by the beneficiary. The Plan defines "Other Income Benefits" as "any benefit for loss of income, provided to you or your family, or to a third party on your behalf as a result of the period of Disability for which you are claiming benefits under this plan." The "benefit" referred to in the Plan includes SSDI benefits and any benefits under a "similar act or plan that the [beneficiary], *[the beneficiary's spouse] and children* are eligible to receive because of [the beneficiary's Disability . . ." (emphasis added). The Plan also provides that Hartford has the right to recover "any amount that is an overpayment of benefits under [the] plan." Overpayments are defined in the Plan to include "retroactive awards of Other Income Benefits."

■ The plain, clear and unambiguous import of these provisions is that Hartford is permitted to offset Fortune's long-term disability benefits by the amount in SSDI benefits she and her dependent children receive because of her disability. The Court notes that offset provisions are frequently used by insurers to avoid creating undesired incentives whereby disabled participants actually receive more income on disability than they received while working. *See Hall v. Life Ins. Co. of N. Am.*, 317 F.3d 773 (7th Cir.2003) (noting that a provision in an insurer's policy "deducting other sources of disability income . . . gives employees an incentive to work if they can"). The Second Circuit has upheld the general enforceability of such provisions in *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198–99 (2d Cir.1989). In addition, several district courts have specifically countenanced provisions similar or identical to the one at bar that permit insurers to offset benefits by the amount received by a beneficiary's dependent children. *See*

*First Unum Life Ins. Co. v. Wulah,* 2007 WL 3342470, at *6–7 (S.D.N.Y. Oct. 8, 2007) (upholding a provision that allowed an insurer to seek reimbursement for SSDI benefits paid to a participant and his family) *Bergquist v. Aetna U.S. Healthcare,* 289 F.Supp.2d 400, 414–15 (S.D.N.Y. 2003) (same); *Camarda v. Pan American World Airways,* 956 F.Supp. 299, 310 (E.D.N.Y.1997) (same); *Sarosy v. Metro. Life Ins. Co.,* 1996 WL 426387, at *9 (S.D.N.Y. July 30, 1996) (same).

Here Fortune's proposed amendments would be futile as the putative causes of action would not withstand a Rule 12(b)(6) motion to dismiss. The Plan plainly allows Hartford to offset the Plaintiff's benefits and those of any other similarly situated beneficiary by the amount in SSDI payments a beneficiary's dependent children receive as a result of their parents' disabilities and it is well-settled that such provisions are enforceable. Accordingly, the Plaintiff's motion to amend the complaint must be denied as futile.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Plaintiff's motion to amend her complaint is **DENIED.**

**SO ORDERED.**