11-2445-cv
*Tocker v. Kraft Foods N. Am. Retirement Plan*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

Present:     ROBERT A. KATZMANN
             RICHARD C. WESLEY
             PETER W. HALL
                     *Circuit Judges*,

_____

EDWARD TOCKER,

                     *Plaintiff-Appellant,*

             - v -                         No. 11-2445-cv

KRAFT FOODS NORTH AMERICA, INCORPORATED RETIREMENT PLAN, formerly,
THE GENERAL FOODS RETIREMENT PLAN FOR UNITED STATES SALARIED
EMPLOYEES, KRAFT FOODS NORTH AMERICA, INCORPORATED, ADMINISTRATIVE
COMMITTEE, as Plan Administrator, and ROBERT VARONE, Individually, as Fiduciary,

                     *Defendants-Appellees.*

_____

For Plaintiff-Appellant:          WILLIAM D. FRUMKIN, Sapir & Frumkin LLP, White Plains,
                                  N.Y.

For Defendants-Appellees:         MICHAEL J. DIMATTIA (Philip A. Goldstein, *on the brief*),
                                  McGuireWoods LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Duffy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Edward Tocker ("Tocker") appeals from a May 3, 2011, memorandum and order of the United States District Court for the Southern District of New York (Duffy, *J.*), granting summary judgment in favor of Defendants-Appellees. The only issue Tocker raises in this appeal is whether Robert Varone ("Varone"), the Benefits Administration Manager in the General Foods Human Resources Department, acted in a fiduciary capacity under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A), when he researched and communicated to Tocker the benefits he would receive pursuant to the General Foods Retirement Plan for United States Salaried Employees (the "Plan")[1] if he participated in the General Foods Workforce Reduction Program ("WFRP").

This Court reviews *de novo* a district court's grant of summary judgment. *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011). As we hold that Varone was a mid-level manager who lacked discretionary authority, we affirm the district court's decision to grant Defendants-Appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

---

[1] In March 1989, General Foods merged with Kraft, Inc. and eventually became Kraft Global Foods, Inc. Kraft sponsored its own retirement plan which was a separate legal entity. In 1991, the General Foods Plan merged into the Kraft Retirement Plan, which is now named the Kraft Foods Global, Inc. Retirement Plan. The merger and name changes are irrelevant to the issues in this case.

Under ERISA, retirement plan participants may bring an individual action for equitable relief for a breach of fiduciary duty.  29 U.S.C. § 1132(a)(3); *see Varity Corp. v. Howe*, 516 U.S. 489, 507-15 (1996).  In cases charging breach of ERISA fiduciary duty, the "threshold question"is "'not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.'" *Bell v. Pfizer*, *Inc.,* 626 F.3d 66, 73 (2d Cir. 2010) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)).  Under ERISA,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or any discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  Thus, "a person . . . has [fiduciary] status only 'to the extent' that he has or exercises the described authority or responsibility." *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 87 (2d Cir. 2001) (alterations in original).  Additionally, "although Congress intended the term 'fiduciary' to be broadly construed, even this broad construction has limits." *Bell*, 626 F.3d at 74 (internal citation, quotation marks, and brackets omitted).  "Falling outside these limits are plan employees who perform ministerial tasks with respect to the plan, such as the application of rules determining eligibility for participation, preparation of plan communication materials, the calculation of benefits, and the maintenance of employee records." *Id.*  "These tasks have been held not to require the exercise of discretionary authority and do not, therefore, implicate any fiduciary duty." *Id.*; *see also* 29 C.F.R. § 2509.75-8 ("Persons who have no power to make any

3

decisions as to plan policy, interpretations, practices or procedures . . . perform[] purely ministerial functions" and are not fiduciaries).

The record shows that Varone was a middle-level manager without discretionary power, one of several employees who reported to the Director of Benefits, who in turn reported to the Vice President of Human Resources ("VP of HR"). In his capacity as Benefits Administration Manager, Varone's "responsibilities were administrative and included leading a staff of case administrators who (1) calculated pension benefits, (2) answered employee [benefit] questions . . . , (3) ensured that employees received benefit information and enrollment materials, and (4) received employee benefit elections and recorded them." J.A. 817.

Tocker does not dispute Varone's description of his duties, but argues that he was a fiduciary because these tasks gave him discretionary authority. Varone's responsibilities, however, are exactly the sort of ministerial tasks which ERISA and its implementing regulations expressly state do *not* give rise to fiduciary liability. *See Bell* 626 F.3d at 74; *see also* 29 U.S.C. § 1002(21)(A); 29 C.F.R. § 2509.75-8.

Alternatively, Tocker contends that Varone was a fiduciary in *his* case because it was Varone who determined the benefits for which Tocker was eligible and communicated this information to him. This argument lacks merit. Assuming Varone determined Tocker's eligibility to participate in the WFRP and still receive long-term disability insurance payments, he was not necessarily acting as a Plan fiduciary since applying the "rules determining eligibility for participation or benefits" is a ministerial function. *Bell*, 626 F.3d at 73. And, while there is precedent indicating that a fiduciary's responsibilities may include communicating plan

4

information to participants,[2] no case law, statutory text, or regulation suggests that one acquires fiduciary status merely by communicating such information. *Cf. Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) (holding that because he lacked discretion, an employee who provided a retiree with information regarding benefits available to him under an ERISA plan was not a fiduciary).

Finally, Tocker avers that in effect Varone exercised discretionary authority in creating Tocker's "special arrangement" because the VP of HR approved Varone's proposal without question and "rubber-stamped" Varone's plan. Appellant's Br. at 13, 27-29. This argument is unpersuasive. As a preliminary matter, Tocker has not identified any cases employing what he characterizes as a "cat's paw" theory of liability in the ERISA context. *Id*. at 28. Moreover, the record undermines Tocker's version of events, *i.e.*, that Varone had unfettered discretion to construe the Plan, thereby binding his supervisors and the Administrative Committee. From the start, the search for a "solution" to Tocker's problem came from people with *more* authority than Varone. Senior management directed Varone to investigate whether Tocker could participate in the WFRP and continue to receive long-term disability benefits. After reviewing the Plan and asking Aetna for its interpretation of Tocker's eligibility for long-term disability insurance, Varone notified his supervisors that they could create a factual scenario that would permit Tocker to receive long-term disability payments if he participated in the WFRP. Senior

---

[2] *Flanigan v. General Electric Co.*, 242 F.3d at 78, does not address whether the defendant was a fiduciary but merely whether "[c]ommunicating information about future plan benefits" is an obligation of parties who *are* fiduciaries. *Id.* at 84. And, in *Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998) (en banc), the Sixth Circuit noted that an employer "may have acted in a fiduciary capacity when it explained its retirement program to early retirees," but concluded that the employer did not breach any applicable fiduciary duty. *Id.* at 405.

5

management adopted Varone's recommended course of action by placing Tocker on disability leave, reinstating him for one day and then, finally, terminating him under the WFRP.

We have considered Tocker's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE,CLERK

6