**George SCOTT, Plaintiff,**

**v.**

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION PLAN, Defendant.**

**No. 88-CV-74052-DT.**

United States District Court,
E.D. Michigan, S.D.

Oct. 3, 1989.

Prather & Foley, P.C. by John R. Foley, Detroit, Mich., for plaintiff.

Russell N. Luplow, P.C. by Douglas A. Firth, Bloomfield Hills, Mich., Francis J. Carey, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This case is currently before the Court on three motions filed by the defendant, Central States, Southeast and Southwest Areas Pension Plan (hereafter Central States). Central States filed a motion to strike the plaintiff's claim for punitive damages, a motion for judgment on the pleadings pursuant to Rules 12(b)(6) and 12(c) of the Fed.R.Civ.P. claiming that interest and other extracontractual damages requested by plaintiff are not recoverable under The Employee Retirement Income Security Act (hereafter ERISA), and a motion for summary judgment claiming that the Trustees of Central States did not act arbitrarily or capriciously in denying plaintiff's claim for interest due because of a delayed benefit payment made by Central States to the plaintiff. Since the Court has considered matters outside the pleadings, Central States' motion for judgment on the pleadings will be treated as one for summary judgment.

### FACTS

The defendant, Central States, is a pension plan subject to ERISA. In October of 1975, the plaintiff, George Scott, retired from his employment and claimed pension benefits from Central States' pension plan. Twelve years later, in January of 1988, Central States approved plaintiff's claim

and paid him a lump sum benefit in the amount of $66,212.00. This amount represented the total pension benefit due plaintiff from October, 1975 through December, 1987. Plaintiff brought this suit against Central States to recover interest which had accrued during the twelve years between the time plaintiff applied for benefits and the time he received the lump sum payment. As of October 6, 1988, plaintiff claims interest due in the amount of $75,987.00. (Plaintiff's Complaint, pg. 3).

## LAW

Plaintiff submits that Central States will be unjustly enriched if it is allowed to keep the time value of funds wrongfully withheld from plaintiff for twelve years. (Plaintiff's Answer to Defendant's Motion for Judgment on the Pleadings, pg. 7). Plaintiff, therefore, seeks recovery pursuant to 29 U.S.C. § 1132(a)(1) and (3), which provides in part:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan ...

Plaintiff claims Central States has been unjustly enriched and therefore requests this Court to use its equitable powers to place plaintiff in the same position he would have been in had his benefits been paid in a timely manner after his initial application. (Plaintiff's Answer to Defendant's Motion for Judgment on the Pleadings, pg. 10).

Before discussing plaintiff's claim for interest, the Court will first deal with plaintiff's request for punitive damages.

The Sixth Circuit has clearly established that punitive damages are not recoverable under ERISA. *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir.1987). Therefore, this Court grants Central States' motion to strike plaintiff's punitive damages claim. The two remaining motions, filed by Central States, must be addressed in accordance with Rule 56 of the Fed.R.Civ.P.

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. 242, 106 S.Ct. at 2512.

The Court will first consider whether or not interest or extracontractual damages are recoverable under ERISA. Both sides have agreed that the Trust Agreement in this particular case does not provide for the payment of interest to the plaintiff. The question then is whether the courts have interpreted ERISA so as to allow the recovery of interest when benefits under a pension plan are delayed.

In order to support its claim that interest is not recoverable under ERISA, Central States refers to the United States Supreme Court's decision in the case of *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). That case dealt with

whether or not extracontractual damages could be obtained under ERISA for delay in the processing of benefit claims. The Supreme Court upheld the decision of the district court which denied claims for extracontractual damages under ERISA. In doing so, the Supreme Court reversed the Ninth Circuit which had allowed the recovery of extracontractual damages in order to make the individual whole again. *Massachusetts Mutual Life*, 473 U.S. at 148, 105 S.Ct. at 3093.

Plaintiff contends that the Supreme Court's ruling in *Massachusetts Mutual* is not applicable to this case. (Plaintiff's Answer to Defendant's Motion for Judgment on the Pleadings, pg. 4). According to the plaintiff, the claim for extracontractual damages in *Massachusetts Mutual* was pursuant to § 409(a) of ERISA and sought recovery from individual trustees for breach of their fiduciary duties. Plaintiff submits that the United States Supreme Court in *Massachusetts Mutual*, reserved the question of whether other provisions of ERISA would allow for the recovery of extracontractual damages. (Plaintiff's Answer to Defendant's Motion for Judgment on the Pleadings, pg. 4). In the present case, plaintiff's complaint seeks recovery of interest pursuant to § 502(a)(3) of ERISA. Plaintiff has concluded that the ruling in *Massachusetts Mutual* does not apply to § 1132(a)(3) and should not, therefore, bar his claim for interest against Central States. (Plaintiff's Answer to Defendant's Motion for Judgment on the Pleadings, pg. 5).

Plaintiff further attempts to distinguish *Massachusetts Mutual* by showing that the complaint in that case asserted a private right of action seeking legal relief. The asserted claim was not adequate because it failed a four-factor test relied on by the court. In the present case, the plaintiff claims he has asserted an equitable right expressly allowed by ERISA under section 1132(a)(3). In addition, plaintiff submits that the Sixth Circuit has not decided whether ERISA would allow the recovery of extracontractual damages for an alleged delay in the processing of claims. *Id.*, pg. 8–9.

The Court is not persuaded by plaintiff's argument. While *Massachusetts Mutual* did not explicitly prevent recovery for extra-contractual damages under ERISA sections 1132(a)(1)(B) and 1132(a)(3), several circuits have since extended the Supreme Court's decision in *Massachusetts Mutual* to prevent recovery under those two sections. The Ninth circuit, relied on the Supreme Court's decision in *Massachusetts Mutual* to hold that § 1132(a)(3) contained no provision for extracontractual damages against a fiduciary for improper processing of benefit claims. *Johnson v. District 2, Marine Engineers Beneficial Association–Associated Maritime Officers, Medical Plan*, 857 F.2d 514, 518 (9th Cir.1988).

The Sixth Circuit, in a recent unpublished opinion, upheld the decision of a district court dismissing a claim for extracontractual damages under section 502 of ERISA. *International Union UAW Local 91 v. Park–Ohio Industries, Inc.*, 1989 WL 63871 [876 F.2d 894 (Table) ] (6th Cir.1989). In that case the Union, pursuant to § 1132(a)(3), alleged violations of § 1104 and § 1106 for failure to provide health insurance benefits to certain employees under a collective bargaining agreement. The Union also sought enforcement of the terms of the plan pursuant to § 1132(a)(1)(B). According to the Union, the district court erred in dismissing its claim for extracontractual damages under ERISA, 29 U.S.C. § 1132. In its decision, the Sixth Circuit began its analysis by referring to the Supreme Court's decision in *Massachusetts Mutual*. *International Union UAW Local 91*, 1989 WL 63871 at pg. 16. The Sixth Circuit recognized that the Supreme Court in *Massachusetts Mutual* did not consider all sections of ERISA in making its decision to deny extracontractual damages. *Id.* at 17. In any event, the Sixth Circuit concluded that the legislative history of ERISA did not demonstrate the need for alternative remedies designed to make a person whole again following a breach of the Trust. *Id.* The Sixth Circuit, therefore, stated:

We are unpersuaded by the Union's vague reference to trust law principles.

Indeed, ERISA's incorporation of the law of trusts argues against allowing extracontractual compensatory damages in actions for breach of fiduciary duties under § 1132(a)(1)(B) or § 1132(a)(3) of ERISA. As *Varhola* indicates, extracontractual damages are not ordinarily available in breach of trust cases, whether or not in some attenuated sense such damages might "make the plaintiff whole." *Id.* at p. 18.

■ Plaintiff has received his benefits under the pension plan, but now seeks additional interest due to the delay involved. This particular pension plan does not provide for the payment of interest due to delays in processing claims. Therefore, plaintiff's suit is outside the original contract between the parties. The case law establishes that extracontractual damages are not allowed under ERISA regardless of the section involved. As a result, no genuine issues of material fact exist in this case concerning whether or not plaintiff should receive extracontractual interest. For that reason, defendant Central States is entitled to a judgment as a matter of law. *Blakeman*, 779 F.2d 1146; Fed.R.Civ.P. 56(c).

Central States has also filed a motion for summary judgment claiming that the Trustees of Central States did not act arbitrarily or capriciously in denying plaintiff's claim for interest due to the delay in processing his claim.

Plaintiff argues that the Trustees did act arbitrarily and capriciously. Plaintiff submits that when the Trustees made their decision denying plaintiff's interest claim, they knew plaintiff had an absolute entitlement to the benefits as of the date of his application in October of 1975. (Plaintiff's Answer to Defendant's Motion for Summary Judgment, pg. 7). Because of this knowledge, plaintiff, claims defendant's motion for summary judgment should be denied since a genuine issue of material fact exists as to why the Trustees of the Plan would, after a twelve-year delay, agree to pay benefits retroactive to the date of application and then later deny a claim for interest due as a result of the delay.

An analysis of the appropriate standard of review regarding the actions of the Trustees is unnecessary in light of this Court's denial of plaintiff's claim for extracontractual damages. The Trustees' reason for denying plaintiff's interest claim is not a genuine issue of material fact. The Trustees did not act in an unreasonable manner just because they could have paid plaintiff's interest claim but did not. The Trust Agreement neither required nor prohibited the payment of interest. The Trustees had no obligation to pay plaintiff's interest claim and ERISA has not required such payments. Therefore, the Trustees of Central States' pension plan did not act unreasonably under any standard of review when they denied plaintiff's interest claim.

## CONCLUSION

Based on the foregoing reasons, the Court hereby GRANTS defendant's motion for summary judgment; GRANTS defendant's motion for judgment on the pleadings; and GRANTS defendant's motion to strike plaintiff's claim for punitive damages.

IT IS SO ORDERED.