Lynn ESDEN, Individually and on Behalf of All Others Similarly Situated, Plaintiff,

v.

BANK OF BOSTON and The Retirement Plan of The First National Bank of Boston and Certain Affiliated Companies, Defendants.

No. 2:97–cv–114.

United States District Court, D. Vermont.

April 1, 1998.

## OPINION AND ORDER

SESSIONS, District Judge.

On April 3, 1997, Lynn Esden filed a class action complaint, alleging that "Bank of Boston and The Retirement Plan of The First National Bank of Boston and certain affiliated companies" violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), section 203(e)(2), 29 U.S.C. § 1053(e)(2), by miscalculating the benefits due to plan participants who elected to receive accrued benefits in a lump sum. Esden contends specifically that participants received less than the present value of their normal retirement benefit, as required by ERISA section 203(e)(2), and asks the Court to certify a class comprised of those participants.

BankBoston Corporation (the "Bank") has filed a Motion To Dismiss the action against the Bank pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted. Esden has filed a Motion for Class Certification. For the reasons discussed below, the Bank's Motion To Dismiss is GRANTED in part and DENIED in part, and Esden is given thirty days to file an amended complaint with respect to her request for equitable relief and with respect to her class action allegations.

## I. Factual Background.

The complaint alleges the following facts. Plaintiff Esden, a Vermont resident, was employed by the defendant Bank [1] or one of its divisions and was a participant in an employee benefit plan sponsored by the Bank. On or about December 7, 1990, Esden separated employment from the Bank and elected to receive accrued benefits in the form of a lump sum.

The defendant Retirement Plan is a cash balance plan. In determining the amount of the lump sum distribution to which Esden was entitled, the Plan was required by Trea-

Jerome Frederick O'Neill, O'Neill, Crawford & Green, Burlington, VT, Steven A. Katz, Martin L. Perron, Carr, Korein, Tillery, Kunin, Montroy, Cates & Glass, Belleville, IL, Allen C. Engerman, Law Offices of Allen C. Engerman, P.A., Boca Raton, FL, for Plaintiffs.

Samuel Hoar, Jr., Shapleigh Smith, Jr., Dinse, Knapp & McAndrew, P.C., Burlington, VT, George Marshall Moriarty, Jonathan M. Zorn, Crystal D. Talley, Ropes & Gray, Boston, MA, for Defendants.

---

1. In its Motion To Dismiss, BankBoston Corporation argues that Esden's complaint against Bank of Boston should be dismissed because there is no such entity. According to the Bank, it is unclear whether Esden intended to file against the plan sponsor—BankBoston, N.A. (formerly The First National Bank of Boston) or against the parent of the plan sponsor—BankBoston Corporation (formerly BankBoston Corporation). Esden clears up this particular issue in her Memorandum in Opposition to the Bank's Motion To Dismiss: the intended defendant is the plan sponsor—BankBoston, N.A. We assume that any amended complaint will reflect that intention.

sury Regulation 1.417(e)–1(d) (made applicable to ERISA section 203(e)(2) by ERISA section 3002(c), 29 U.S.C. § 1202(c)) to determine the present value of Esden's normal retirement benefit and distribute no less than that amount. In calculating the amount of that benefit, the Plan was required by Treasury Regulation 1.417(e)–1(d) to use an interest rate no greater than the applicable interest rate which would be used by the Pension Benefit Guaranty Corporation as of the date of the distribution.

Esden complains that Defendants applied an inappropriate methodology in assessing her lump sum payment: "The Defendants . . . failed to make th[e required] calculation [and] used a different and prohibited methodology." Complaint ¶ 16. The complaint does not explain what "different methodology" was used, why it was "prohibited" or why it caused Esden to receive less than the present value of her normal retirement benefit. Nor does it explain the role, if any, of the Bank and the Retirement Plan in failing to make the required calculation and in using a "different and prohibited methodology."

Esden exhausted her administrative remedies by requesting that the "Plan Administrator" redetermine the amount of her lump sum distribution. Complaint ¶ 17. The "Plan Administrator" concluded that the amount of the distribution was correct. *Id.* Esden then appealed that decision to the Pension Review Committee. The Committee denied her appeal. The complaint does not identify the "Plan Administrator."

II. Discussion.

A. *Motion to Dismiss the Complaint Against the Bank for Failure To State a Claim.*

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal for "failure to state a claim upon which relief can be granted." The Supreme Court has held that this provision does "not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citation omitted).

On a motion to dismiss, a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case. *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); 5A C. Wright and A. Miller, Federal Practice & Procedures § 1356 (1990). Taking plaintiff's allegations as true, the court must construe the complaint in the light most favorable to the plaintiff, and must draw all inferences in the plaintiff's favor. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Yoder v. Orthomolecular Nutrition Inst. Inc.,* 751 F.2d 555, 558 (2d Cir.1985).

Further, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99. *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Section 502(a) of ERISA contains a fairly complex scheme of civil actions that may be brought by or on behalf of employee benefit plan participants. Following the lead of the Supreme Court, the federal courts now look closely at the specific section 502(a) cause of action being brought. *See Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Mertens v. Hewitt Associates,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). *See also* Therese M. Connerton, "Suits By Beneficiaries Against Plans Or Employers To Recover Benefits," SB68 ALI–ABA 569, 571 (1997).

In the instant case, Esden has not specified in her complaint the specific ERISA section or sections under which she is seeking additional retirement benefits and other equitable relief. She does, however, in her Memorandum Opposing the Bank's Motion To Dismiss, allude to her claim for additional benefits under section 502(a)(1) and state that she seeks injunctive relief under section 502(a)(3) to order the Bank and the Plan to

stop paying participants less than the present value of their benefits, as well as other appropriate equitable relief.

Sections 502(a)(1) and 502(a)(3) appear to be the only subsections of ERISA's civil enforcement provision that are applicable in the instant case. *See* text and discussion of section 502(a) in *Varity,* 116 S.Ct. at 1075–1079. Although section 502(a)(2) provides a cause of action to plan participants and beneficiaries for violations of ERISA's fiduciary responsibility provisions, any recovery under section 502(a)(2) is a recovery for the plan—not for individual participants. Connerton, *supra* at 577 (citing *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). Esden has not suggested—at least to date—that she is seeking recovery on behalf of the Plan.

█ It is true, as the Defendants contend, that an employee benefit plan, and not the employer or plan sponsor, is primarily liable for benefits payable under the terms of the plan. *Crocco v. Xerox Corp.,* 137 F.3d 105 (2d Cir.1998) (reversing the lower court's refusal to dismiss a suit brought under Section 502(a)(1) for benefits against the employer as the de facto administrator of an employee benefit plan). *See also Barnett v. International Business Machines Corp.,* 885 F.Supp. 581 (S.D.N.Y.1995) (dismissing an ERISA complaint with prejudice for, *inter alia,* failing to name the Plan instead of the employer as defendant in a suit to recover benefits). *Accord, Greater Blouse, Skirt & Undergarment Ass'n, Inc. v. Morris,* 1996 WL 325595, *4 (S.D.N.Y.1996) ("Plan administrators have no individual obligation under ERISA to satisfy judgments for pension benefits. The obligation to pay pension benefits is that of the Plan.")

█ As a matter of law, therefore, the Bank must be dismissed as a defendant with respect to Esden's claim for additional retirement benefits under section 502(a)(1). Any additional benefits payable to Esden or to any prospective class member are recoverable only from the Plan.

Esden has stated that she is also seeking equitable relief against the Bank and the Plan under section 502(a)(3). In *Varity,* the Supreme Court made clear that section 502(a)(3) makes equitable relief available on an individual, as well as a plan-wide, basis. *See Varity, supra.* The subsection provides plan participants with a separate cause of action to enforce benefit rights. *Id. See also* Connerton, *supra* at 581 (citing *Varity; Patterson v. Shumate,* 504 U.S. 756 (1992)).

However, equitable relief under section 501(a)(3) is available only with respect to plan fiduciaries. *See Mertens supra.* Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), states that an individual or company is a fiduciary with respect to a plan to the extent that he or she "exercises any discretionary authority or discretionary control respecting management of [the] plan or ... has any discretionary authority or discretionary responsibility in the administration of [the] plan ... ERISA ... defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over [the] plan ..." *Mertens,* 508 U.S. at 262, 113 S.Ct. 2063 (1993).

█ In the Second Circuit, "[a]n employer that designs a retirement plan or amends an existing plan's design does not come within ERISA's definition of a fiduciary." *Siskind v. Sperry Retirement Program, Unisys,* 47 F.3d 498, 505 (2d Cir.1995). The design of an employee benefits program and the designation of the employees who may participate in it is "purely a corporate management decision." *Belade v. ITT Corp.,* 909 F.2d 736, 738 (2d Cir.1990) (per curiam) (citations omitted).

The question presented by the instant case then is whether the Bank is a proper subject of Esden's prayer for equitable relief. Resolution of that question turns upon whether the Bank was serving as a fiduciary with respect to the Plan and, if so, whether in serving in that capacity, the Bank failed to make the calculation required by ERISA section 302(e)(2).

█ Esden has suggested in her supporting briefs that the Bank was serving as the de facto administrator of the Plan, even though the Plan documents designate the Retirement Committee as the Plan adminis-

trator.[2] In her supporting briefs, Esden has also suggested that the Bank in administering the Plan miscalculated Esden's retirement benefit, causing her to receive less than she was legally entitled to receive. Esden suggests that the Bank miscalculated Esden's benefit by using the wrong interest rate in the calculation. The problem, however, is that none of these suggestions are incorporated as allegations in the complaint. As a matter of law, Esden's equitable claim against the Bank could survive if Esden had alleged in the complaint the facts that she has suggested in her supporting briefs. However, in the absence of any allegation that the Bank's actions as a fiduciary (*i.e.*, de facto Plan administrator) caused Esden to receive less than she was legally entitled to receive, and in the absence of any factual basis for making such an allegation,[3] the Bank must be dismissed as a defendant with respect to Esden's claim for equitable relief.

The Court grants the Motion to Dismiss as to Esden's claim for additional benefits. The Court will deny the Motion to Dismiss regarding the claim for equitable relief and give Esden thirty days to amend her complaint consistent with this opinion. Failure to amend within that period will result in dismissal of the action against the Bank.

B. *Motion For Class Certification.*

█ In her complaint, Esden asks the Court to certify the following class:

"All persons who, as participants in the Retirement Plan of the First National Bank of Boston and certain affiliated com-

panies, received a lump sum distribution which was less than the present value of their normal retirement benefit." Complaint, ¶ 8.

Local Rule 23.1 requires that in any case sought to be maintained as a class action, the class action allegations must, *inter alia:*

(1) specify the provision or provisions of Fed.R.Civ.P. 23(b) under which the class should be certified;

(2) specify or estimate the size of the class;

(3) contain appropriate allegations thought to justify the plaintiff's claims to be an adequate representative of the class; and

(4) specify the questions of law and fact claimed to be common to the class.

Although the required allegations are scattered throughout Esden's memoranda in support of the Motion for Class Certification, the complaint fails to meet these Local Rule 23.1 requirements. Accordingly, before the Court can rule upon the Motion, Esden must first file an amended complaint which complies with that Rule. The Court denies class certification but will consider the Motion without prejudice if Esden files an amended complaint that complies with Local Rule 23.1 within 30 days.

### III. Conclusion

Defendant Bank's Motion To Dismiss The Complaint With Respect To The Bank (Paper 16) is GRANTED in part and DENIED in part. Esden's Motion for Class Certifica-

---

**2.** In her Memorandum of Opposition to the Bank's Motion To Dismiss and Submission of Supplemental Evidence, Esden has even identified two types of evidence indicating that it was the Bank and not the Plan's Retirement Committee which was actually administering the Plan:

(1) correspondence indicating the only persons involved in processing and reviewing Esden's claim for additional benefits were bank employees and the Bank's in-house attorney. *See Varity*, 116 S.Ct. at 1074 (the employer is acting in a fiduciary capacity when it is performing activities that are "'ordinary and natural means' of achieving the 'objective' of the plan"). *See also Cerasoli v. Xomed, Inc.*, 972 F.Supp. 175, 179 (W.D.N.Y.1997) ("[I]nforming employees about the existence or extent of their coverage [may] itself be considered a fiduciary act"); and

(2) deposition testimony of Faith Parker, the Bank manager responsible for review of Esden's appeal, stating that "[t]he [R]etirement [C]ommittee has delegated responsibility for administration of the [P]lan including claims resolution to the [Bank's] human resources department ..."

Although Esden suggests that Plan provisions giving the Bank the exclusive right to amend, merge or terminate the Plan and to appoint or remove members of the Retirement Committee are also indicia that the Bank was serving as the Plan's de facto administrator, the Supreme Court has found that amending or terminating a plan or removing its trustees is likely "beyond the power of a plan administrator." *Varity*, 116 S.Ct. at 1074.

**3.** *Id.*

tion (Paper 22) is DENIED. Plaintiff is given leave to file an amended complaint within 30 days of the date of this Opinion and Order with respect to the Plaintiff's prayer for equitable relief and with respect to the class action allegations.