Edward J. WALSH, Plaintiff,

v.

EASTMAN KODAK COMPANY,
Defendant.

No. 98–CV–6426L.

United States District Court,
W.D. New York.

June 24, 1999.

Edward J. Walsh, Pittsford, NY, pro se.

J. Nelson Thomas, Nixon, Hargrave, Devans & Doyle, LLP, Rochester, NY, for defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

## I. Procedural Background

Plaintiff Edward J. Walsh ("Walsh") commenced this action on September 23, 1998 against defendant Eastman Kodak Company ("Kodak"). Pending before this Court is defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6).

For the reasons that follow, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.

## II. Factual Allegations[1]

Walsh, who was a Kodak employee in 1997, advised Kodak that he was electing to retire on January 1, 1998. He requested a single lump-sum payout of the benefits due to him. Based upon plaintiff's requested retirement date of January 1, 1998, the amount of the lump-sum retirement benefit that he was entitled to receive was calculated. The parties agree that this amount was paid in January, 1998. Plaintiff does not raise any dispute with respect to the principal amount of the lump sum paid to him. Rather, plaintiff claims that, because the lump sum benefit was payable January 1st and was not paid until twenty-five days later, he was denied the use of the money for that period, and is entitled to interest thereon.

Plaintiff states that prior to his retirement "it was spelled out to [him] the exact amount of the lump sum . . . and also the fact that its delivery would be delayed for administrative reasons." Plaintiff knew therefore that he would not be paid the lump sum benefit on January 1, 1998. Plaintiff does not allege that Kodak ever made any representation that it would pay

him any interest for any delay. Rather, plaintiff maintains that "[t]here was no discussion, either *pro* or *con*, around the question of interest." Plaintiff further alleges that interest earned on periods of delay in delivery of lump sum benefits is "used to pay company program costs."

Defendant moves under Rule 12(b)(6) to dismiss what it characterizes as a claim for extracontractual damages. The exact basis on which Walsh relies for his claim is, to say the least, murky. Plaintiff's complaint fails to specify under which statute he pursues his claim for interest. Rather, it merely states: "From ⅛ plaintiff has money due for interest lost on lump sum payment which was withheld for 25 days." Defendant maintains that this represents a claim premised upon the Employee Retirement Income Security Act of 1974, 29 U.S.C. § § 1001, *et seq.* ("ERISA"). Given the amorphous nature of Walsh's complaint, I will address the possible bases for relief.

## III. Discussion

In assessing a defendant's motion to dismiss, a court must accept as true "all well-pleaded factual averments in the complaint" and "draw[ ] all reasonable inferences in the plaintiff's favor." *Wright v. Ernst and Young, LLP*, 152 F.3d 169, 173 (2d Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 870, 142 L.Ed.2d 772 (1999). The court's consideration "is limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken. *Automated Salvage Transport, Inc. v. Wheelabrator Environmental Systems, Inc.,* 155 F.3d 59, 67 (2d Cir.1998). Dismissal of the complaint is proper only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

---

**1.** The facts set forth here have been culled from the allegations in the complaint and other undisputed submissions by the plaintiff.

(*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see* FED.R.CIV.P. 12(b).

In Kodak's motion as well as in plaintiff's response thereto, the parties allege facts not found in the complaint. Consistent with Rule 12(b), having chosen not to convert the motion into one for summary judgment, this Court's inquiry is limited to the four corners of the complaint. Additional facts raised in submissions filed subsequent to the complaint will not be considered in evaluating the motion to dismiss.

■ However, when a party is proceeding *pro se,* as is the case with plaintiff, the Court is obliged to "read his supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)).

As an initial matter, it cannot be disputed that since Walsh seeks money from Kodak's retirement income plan, an ERISA covered plan, it is only under ERISA's provisions that he may proceed. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–54, 107 S.Ct. 1549, 1555–1556, 95 L.Ed.2d 39 (1987); *Plumbing Industry Board, Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.,* 126 F.3d 61 (2d Cir.1997). The Court must next determine whether ERISA's civil enforcement provisions permit the requested relief.

Section 502(a) of ERISA, 29 U.S.C. § 1132, sets forth six civil enforcement provisions. A participant or beneficiary may bring a civil action, for instance, (1) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B); (2) "for appropriate relief under section 409," 29 U.S.C. § 1132(a)(2); and (3) "to enjoin any act or practice which violates any provision of this title or the terms of the plan, or ... to obtain other appropriate equitable relief ... to redress such violations ...," 29 U.S.C. § 1132(a)(3). Of ERISA's six civil enforcement provisions, only two [2], section 1132(a)(1)(B) and section 1132(a)(3)(B), might appear to permit an independent claim for interest.

### ERISA Section 502(a)(1)(B)

■ Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), allows a private plaintiff to sue "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

*Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), casts doubt on the viability of an independent claim for interest under section 1132(a)(1)(B). There, petitioner delayed paying disability benefits to respondent under the plan. As a result of the delay, respondent's husband had to cash out his retirement savings which, in turn, aggravated the psychologi-

---

**2.** The Complaint cannot be deemed to assert a claim for breach of fiduciary duty under section 502(a)(2) of ERISA. Any recovery under that section inures to the benefit of the plan as a whole, not to the benefit of the participant or beneficiary asserting the claim. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985) (ERISA's "draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary"). Although the *Russell* Court held only that section 409 does not authorize an award of extracontractual damages in a suit under section 502(a)(2), the Second Circuit has relied on *Russell* to preclude plaintiffs seeking any relief on their own behalf— including benefits to which they claim to be entitled under a plan—from suing under section 502(a)(2). *See Lee v. Burkhart,* 991 F.2d 1004, 1009 (2nd Cir.1993) ("*Russell* therefore bars plaintiffs from suing under section 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan"); *see also Communications Workers of America v. Nynex Corp.,* 93–CV–5329, 1995 WL 590871, *3 (S.D.N.Y. October 5, 1995).

cal condition that caused respondent's back ailment. The respondent sought to recover compensation for the injury by suing the plan administrator using section 502(a)(2) to enforce section 409(a). The Court held, however, that section 409(a) may only be used to recover money for the plan itself, not for an individual beneficiary. The Court further held that an individual beneficiary cannot recover extracontractual damages "caused by improper or untimely processing of benefit claims" under section 409(a) of ERISA. *Id.* at 148, 105 S.Ct. at 3093. Although plaintiff's claim here does not arise under section 409(a), the *Russell* Court also noted, in *dicta*, that:

> the statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan— § 502(a)(1)(B) ... says nothing about the recovery of extracontractual damages, or about the possible consequences of delay in the plan administrators' processing of a disputed claim. Thus, there really is nothing at all in the statutory text to support the conclusion that such a delay gives rise to a private right of action for compensatory or punitive relief. *Id.* at 144, 105 S.Ct. at 3091.

Since *Russell,* the issue of whether a plan beneficiary may recover interest or other compensatory damages for benefits initially withheld or delayed but subsequently paid prior to the initiation of a lawsuit has been addressed by a number of district courts within the Second Circuit. All have determined that interest is not recoverable because of a delay in payment. *See Klein v. Empire Blue Cross and Blue Shield,* 93–CV–5187, 1998 WL 336633 (S.D.N.Y. June 23, 1998) (noting that "the cases make clear that when the benefits have been fully provided, the plaintiff cannot recover compensation [under section

1132(a)(1)(B) ] for any injury caused by a delay in those payments"); *O'Rourke v. Pitney–Bowes, Inc.,* 95–CV–10288, 1997 WL 431091 (S.D.N.Y. July 31, 1997) (finding that plaintiff is not entitled to "extracontractual interest, which would cover the delay in payments made by [defendant's] reversal of its prior denial of [plaintiff's] benefits"); *DeVito v. Pension Plan of Local 819,* 975 F.Supp. 258, 270–273 (S.D.N.Y.1997) (granting defendants summary judgment on plaintiff's claim for additional interest on underpayment of benefits because such an interest claim is for extracontractual damages that are not available under ERISA); *Frank v. Civil Service Employee Assoc'n, Inc.,* 91–CV–673, 1992 WL 73191 (W.D.N.Y. March 20, 1992) (granting defendant's motion to dismiss plaintiff's claim for interest stemming from five month delay in payment of lump sum retirement benefit, and, in so doing, noting: "[t]his Court ... finds that the plaintiff has failed to state a cause of action because extra-contractual damages are not available under section 1132(a)(3)" and because section 1132(a)(1)(B) is "inapplicable" because plaintiff sought neither benefits due pursuant to the applicable plan nor the enforcement of any provision of the plan).

Outside this circuit, in *Scott v. Central States, Southeast and Southwest Areas Pension Plan,* 727 F.Supp. 1095 (E.D.Mich.1989), defendant approved plaintiff's claim for pension benefits twelve years after plaintiff submitted the claim. Plaintiff sued[3] for interest during the delay period. The court concluded that, since the pension plan did not prescribe interest payments for delays, the claim was extracontractual. *Id.* at 1098. The court, relying on *Russell* and subsequent cases interpreting *Russell* in other contexts[4], held that extracontractual damages

---

**3.** Rather than under ERISA section 502(a)(1)(B), plaintiff sued pursuant to section 502(a)(3).

**4.** Specifically, the court relied on *Johnson v. District 2, Marine Engineers Beneficial Assoc.–*

*Associated Maritime Officers Medical Plan,* 857 F.2d 514 (9th Cir.1988), and *International Union UAW Local 91 v. Park–Ohio Indust., Inc.,* Nos. 88 Civ. 3145, 88 Civ. 3147, 1989 WL 63871 (6th Cir. June 15, 1989). In *John-*

are not available under ERISA. *Id.*[5]

This Court agrees with the reasoning and holdings in *Klein, O'Rourke, DeVito, Frank,* and *Scott,* which find claims for extracontractual damages, such as plaintiff's, are precluded under ERISA. The court finds instructive *DeVito*'s analysis of the issue raised in *Hizer:*

> The Court finds a clear distinction between an award of prejudgment interest and an independent judgment for interest on a delayed payment. *See generally Cefali v. Buffalo Brass Co.,* 748 F.Supp. 1011, 1025 (W.D.N.Y.1990) (noting distinction between award of prejudgment interest on damages recovered and independent action solely to recover extracontractual damages). A court can only award prejudgment interest upon finding that a defendant violated a provision of ERISA for which Congress authorized relief. In contradistinction, in order to award damages on an independent claim for extracontractual interest, the Court must create a cause of action which Congress did not provide for under ERISA. As the Supreme Court stated in *Russell,* "[t]he six carefully integrated civil enforcement provisions found in [section 1132(a) ] of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." 473 U.S. at 146, 105 S.Ct. at 3092. As to extracontractual interest, this Court refuses to find that a right exists under ERISA without instruction from Congress to do so, particularly in light

of the Supreme Court's suggestion in *Russell* that no such right exists.

*DeVito, supra,* 975 F.Supp. at 270–273.

■ Walsh received the amount of benefits due to him. The damages he seeks stem merely from Kodak's payment of plaintiff's lump sum benefit later in the month than he would have liked. He does not allege that the plan provided that interest was to be paid between his retirement date and the date when actual payment was made. Nor does he allege that Kodak ever made any representation that he was to receive any such interest. He therefore had no false expectation at the time he chose to retire that he would be paid such interest. It is inescapable that Walsh simply seeks extracontractual damages, which are unavailable under ERISA.

### ERISA Section 502(a)(3)(B)

■ With respect to section 1132(a)(3)(B), the Supreme Court, in *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), interpreted this section's provision for "other appropriate equitable relief" to preclude claims for monetary damages, which the Court described as "the classic form of legal relief." *Id.,* 508 U.S. at 255, 113 S.Ct. 2063.

I am aware that on December 18, 1998, the Third Circuit in *Fotta v. Trustees of the United Mine Workers of America Health and Retirement Fund,* 165 F.3d 209 (3d Cir.1998), recognized, as a matter of first impression in that circuit, an independent claim for interest under ERISA based on section 1132(a)(3)(B). *Id.,* 165 F.3d at 213. The court held that section 1132(a)(3)(B) is the statutory basis for such actions, and that "interest is presumptively

---

*son,* the Ninth Circuit held that a beneficiary could not recover for extracontractual damages against a fiduciary under section 1132(a)(3) for improper processing of benefit claims. 857 F.2d at 518. In *International Union,* the Sixth Circuit held that neither section 1132(a)(1)(B) nor section 1132(a)(3) provide for extracontractual compensatory damages. 1989 WL 63871, at *7.

**5.** *But see Hizer v. General Motors Corp.,* 888 F.Supp. 1453 (S.D.Ind.1995), which reached the opposite result, and determined that, based upon the "same considerations that require the payment of prejudgment interest," plaintiff was entitled to interest on benefits that had been delayed for four years.

appropriate when ERISA benefits have been delayed." *Id.*, 165 F.3d at 213–214.

In the Second Circuit, however, I find no evidence that any similar rule has been adopted. To the contrary, in *Lee v. Burkhart, supra*, 991 F.2d 1004, the Second Circuit stated:

> Money damages are generally unavailable under [section 1132(a)(3) ]. The plain language of the statute does not provide for monetary relief and a review of the legislative history confirms that Congress did not contemplate that this phrase ["appropriate equitable relief"] would include an award of money damages. *Id.*, 991 F.2d at 1011.

Moreover, in *Fotta*, the payment of benefits had been withheld for a period of over nine years, which the Third Circuit aptly described as a period of "considerable delay." *Fotta*, 165 F.3d at 211. Assuming that Kodak's payment was delayed for twenty-five days, as plaintiff alleges, it can hardly be deemed of the same proportion, especially given plaintiff's admission that Kodak informed him prior to his retirement that the payment would be delayed for administrative reasons and plaintiff's further concession that the issue of interest was not discussed during his retirement interview. Finally, I am unaware that any other circuit has cited the *Fotta* decision to overturn the widely held view that a claim for interest is one for extracontractual damages that is unavailable under ERISA. Therefore, because plaintiff seeks only compensatory damages, relief under section 1132(a)(3)(B) is precluded.

### Kodak Is Not A Proper Party

 Although Kodak fails to raise the following point, this Court further notes that, in the instant case, neither the plan, presumably the Kodak Retirement Income

Plan, nor the administrators or trustees of the plan are named as defendants. Plaintiff has elected to name Kodak as the sole defendant. In this circuit, however, "[i]n a recovery of benefits claim [under 29 U.S.C. § 1132(a)(1)(B) ], only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir.1998), *quoting Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Muller v. First Unum Life Ins. Co.*, 23 F.Supp.2d 231 (N.D.N.Y.1998) (denying plaintiff's motion to amend the complaint to add ERISA claim against employer); *Esden v. Bank of Boston*, 5 F.Supp.2d 214, 217 (D.Vt.1998) (dismissing plaintiff's claim pursuant to § 502(a)(1)(B) against employer); *Brannon v. Tarlov*, 986 F.Supp. 146, 152 (E.D.N.Y.1997) ("[t]he plan participant's employer is not a proper party defendant [under § 502(a)(1)(B) ]"), *aff'd*, 164 F.3d 617 (2d Cir.1998). For this additional reason, therefore, plaintiff's complaint fails to state a claim under section 502(a)(1)(B) of ERISA.[6]

### CONCLUSION

Defendant's motion to dismiss (Dkt.# 4) is granted. The complaint is dismissed with prejudice.

IT IS SO ORDERED.

---

**6.** Allowing plaintiff to amend his complaint to, for example, add other defendants would be futile. *See Buckley v. Dun & Bradstreet Corp.*, 95–CV–1589, 1997 WL 177892

(S.D.N.Y. April 11, 1997) (denying *pro se* plaintiff leave to amend complaint where plaintiff made futile attempt to seek extracontractual damages under ERISA).