Paul J. FROMMERT, et al., Plaintiffs,

v.

Sally L. CONKRIGHT, Patricia M. Na-
zemetz and Lawrence M. Becker, Xe-
rox Corporation Plan Administrators,
Xerox Corporation Retirement In-
come Guarantee Plan, and Xerox Cor-
poration, a New York Corporation,
Defendants.

Gail J. Levy, et al., Plaintiffs,

v.

Sally L. Conkright, Patricia M. Nazem-
etz and Lawrence M. Becker, Xerox
Corporation Plan Administrators, Xe-
rox Corporation Retirement Income
Guarantee Plan, and Xerox Corpora-
tion, a New York Corporation, Defen-
dants.

Nos. 00–CV–6311L, 01–CV–6447L.

United States District Court,
W.D. New York.

June 3, 2002.

Robert H. Jaffe, Jaffe & Schlesinger, PA, and Robert H. Jaffe & Associates, PA, Springfield, NJ, for Plaintiffs.

Stephanie M. Caffera, Margaret A. Clemens, Nixon Peabody, LLP, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, Chief Judge.

### Introduction

Plaintiffs commenced these actions[1] under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Presently before the Court is defendants' motion, under FED.R.CIV.P. 12(b)(6), to dismiss portions of the complaint in each action.

### Factual Background

Plaintiffs are employees or former employees of Xerox, each of whom worked for Xerox during two separate periods of time. During each plaintiff's original period of employment, he or she was a participant in Xerox' pension plan, known as the Retirement Income Guarantee Plan ("RIGP" or "the Plan"). Upon their initial termination of employment, each plaintiff received a lump sum distribution of his pension benefit. Each plaintiff was later re-hired by Xerox and again became a participant in the RIGP. Under the terms of the RIGP, the amount of plaintiffs' pension benefit is offset by the amount of their prior distribution plus any earnings which would have accrued had plaintiffs left their money in the plan.

### Procedural Background

Plaintiffs, currently 96 in number, challenge the method used to calculate the offset for prior distributions. Plaintiffs' principally contend that Xerox improperly used the offset procedure which reduced the pension benefits of Xerox rehires. Because most of the plaintiffs are still employed with Xerox, they seek a determination now that their pension plan will not be so affected by the challenged offset procedure.

In their most recent iterations, plaintiffs' 791 paragraph, 173 page, second amended complaint in *Frommert* (Dkt. # 71) and plaintiffs' 201 paragraph, 64 page, amended complaint in *Levy* (Dkt. # 3) seek, *inter alia,* damages, injunctive relief, and a declaratory judgment. The complaints in *Frommert* and *Levy* each contain seven separate claims for relief. More particularly, plaintiffs seek a declaratory judgment (first count). They also seek relief under sections 1132(a)(1)(B) and (a)(3) (second count), sections 1054(g) and (h) (fifth count), section 1140 (sixth count), and sections 1054(d) and (e) (seventh count). In addition, they claim a breach of fiduciary obligation (third count), and violations of ERISA forfeiture provisions (fourth count).

Defendants have moved, under FED. R.CIV.P. 12(b)(6), to dismiss the first, third, fourth, fifth, sixth, and seventh counts of the complaints. They also move to dismiss the second count insofar as it makes any claims against any defendants except the RIGP, and to the extent that it purports to set forth a claim under § 1132(a)(3). For the reasons that follow, defendants' motion is granted in part and denied in part.

## DISCUSSION

### I. Motion to Dismiss—General Standards

In order to prevail on a motion to dismiss a complaint under Rule 12(b)(6), the moving party must show that "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which

---

1. The parties have expressed their desire that the Court's decision on this motion apply in both *Frommert* and *Levy. Frommert v. Xerox,* 00–CV–6311, Dkt. # 80; *Levy v. Xerox,* 01–CV–6447, Dkt. # 4. Although originally filed in *Frommert* alone, the instant motion is, therefore, deemed filed in both actions. At the request of the parties, I consolidated these actions by order entered March 26, 2002. *Id.*

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When presented with a motion to dismiss for failure to state a claim, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "Thus '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Association of the Bar of the City of New York,* 286 F.3d 122, 125 (2d Cir. 2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

On a motion to dismiss for failure to state a claim, then, the "complaint must be sustained if relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *National Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *see also Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001) (on motion to dismiss, district court must accept all allegations in the complaint as true and draw all inferences in non-moving party's favor, and "will not dismiss the case unless it is satisfied that the [plaintiff] cannot state any set of facts that would entitle him to relief").

## II. Plaintiffs' Claims Under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)

Plaintiffs' second count asserts claims under two sections of ERISA: § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which permits a civil action to be brought by a claimant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"; and § 502(a)(3), 29 U.S.C. § 1132(a)(3), which provides a right of action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Defendants do not seek dismissal of the § 502(a)(1)(B) claim against the Plan at this time, but they contend that it is not properly asserted against Xerox or the individually named plan administrators. With respect to that issue, the Second Circuit has stated that "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Crocco v. Xerox Corp.,* 137 F.3d 105, 107 (2d Cir.1998), *quoting Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Walsh v. Eastman Kodak Co.,* 53 F.Supp.2d 569, 574 (W.D.N.Y.1999) (dismissing plaintiff's ERISA claim against employer); *Muller v. First Unum Life Ins. Co.,* 23 F.Supp.2d 231 (N.D.N.Y.1998) (denying plaintiff's motion to amend complaint to add ERISA claim against employer); *Esden v. Bank of Boston,* 5 F.Supp.2d 214, 217 (D.Vt.1998) (dismissing plaintiff's claim pursuant to ERISA § 502(a)(1)(B) against employer); *Brannon v. Tarlov,* 986 F.Supp. 146, 152 (E.D.N.Y.1997) ("[t]he plan participant's employer is not a proper party defendant [under § 502(a)(1)(B)]"), *aff'd,* 164 F.3d 617, 1998 WL 716580 (2d Cir.1998), *cert. denied,* 528 U.S. 837, 120 S.Ct. 99, 145 L.Ed.2d 84 (1999).

This claim must therefore be dismissed against Xerox. Under current Second Circuit precedent, the individually named

plan administrators, in their capacity as such, are proper defendants, and will not be dismissed at this early juncture.

■ Plaintiffs' § 502(a)(3) claims must also be dismissed. The reason is clear: all of the relief requested by plaintiffs can be addressed via § 502(a)(1)(B), which plaintiffs have properly pleaded. Plaintiffs seek recovery of benefits as well as a determination of entitlement to benefits, and such matters can be provided under § 502(a)(1)(B). In fact, plaintiffs conceded at oral argument on this motion that all of the relief requested by plaintiffs could adequately be addressed under § 502(a)(1)(B), and, therefore, any claim for relief under § 502(a)(3) is unnecessary and duplicative.

Of course, this issue is not novel to this case. The United States Supreme Court and this Court have discussed the interplay between § 502(a)(3) and § 502(a)(1)(B). Relying on the United States Supreme Court decision in *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), this Court in *Edwards v. Akzo Nobel, Inc.,* 103 F.Supp.2d 214, 219–221 (W.D.N.Y.2000), dismissed a claim for relief under § 502(a)(3) since adequate relief was provided for plaintiff pursuant to § 502(a)(1)(B). Reliance on § 502(a)(3), a catchall provision, is unnecessary and inappropriate. This Court is not alone in so construing the Supreme Court's *Varity* decision. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1475 (9th Cir.1997) ("[i]n these circumstances, *Varity Corp.* does not authorize equitable relief under the catchall provision of section 1132(a)(3). Equitable relief under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy in this case"); *Wald v. Southwestern Bell Corp.,* 83 F.3d 1002, 1006 (8th Cir.1996); *Kennard v. UNUM Life Ins. Co.,* 01–CV–217, 2002 WL 412067, *2 (D.Me. March 14, 2002) (granting motion to dismiss § 502(a)(3) claim for equitable relief because adequate relief could be afforded pursuant to § 502(a)(1)(B)); *Campbell v. Computer Task Group, Inc.,* 00–CV–9543, 2001 WL 815575, *5 (S.D.N.Y. July 19, 2001) (granting motion to dismiss § 502(a)(3) claim, and noting "Supreme Court's admonition that where adequate relief is available under another ERISA section, equitable relief under section 502(a)(3) is inappropriate," and holding that "under *Varity,* there is no need for further equitable relief under section 502(a)(3)"); *Dittman v. Dyno Nobel, Inc.,* 97–CV–1724, 1998 WL 865603, *8 (N.D.N.Y. November 24, 1998) (granting motion to dismiss § 502(a)(3) claim for equitable relief because adequate relief could be afforded pursuant to § 502(a)(1)(B)). *Cf. Mauser v. Raytheon Co. Pension Plan,* 239 F.3d 51, 58–59 (1st Cir.2001) (courts "should avoid creating duplicative remedies for violations of ERISA's provisions").

In sum, plaintiffs lose nothing by dismissal of the claim under § 502(a)(3). The Court's ability to fashion appropriate relief in this case is amply covered by § 502(a)(1)(B). For these reasons, defendants' motion to dismiss plaintiffs' claim under § 502(a)(3) is granted.

### III. Plaintiffs' Claim Under 29 U.S.C. § 1140

Plaintiffs purport to allege a § 510 (29 U.S.C. § 1140) violation in their sixth count for "reckless, discriminatory and wrongful conduct." Second Amended Complaint in *Frommert,* ¶ 779, Dkt. # 71. Section 510 provides in part: "It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary … for the purpose of interfering with the attainment of any right to which such partici-

pant may become entitled under [an employee benefit] plan . . . ."

Of course, plaintiffs do not allege that Xerox *discharged* them in order to interfere with their rights under the Plan. In fact, according to plaintiffs' pleadings, 81 of the 87 plaintiffs in *Frommert* and all but one of the plaintiffs in *Levy* are currently employed by Xerox. Second Amended Complaint in *Frommert*, ¶¶ 11–97, Dkt. # 71; Amended Complaint in *Levy*, ¶¶ 11–19, Dkt. # 3. Instead, they assert only that Xerox *discriminated* against them in violation of § 510. This is not a case, for example, where a plaintiff alleges that his employer terminated him in order to prevent his pension rights from vesting. Rather, this is a dispute about the manner in which defendants calculated or may calculate in the future the amounts of plaintiffs' benefits. The issue thus becomes whether Xerox' methodology in calculating the offset constituted "discrimination" for purposes of § 510.

In *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir.1988), the Second Circuit adopted the burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for analyzing discrimination cases under § 510. Pursuant to this analysis, plaintiffs must first establish a *prima facie* case of discrimination by showing that they (1) belong to a protected group, (2) were qualified for their positions, and (3) were discharged or denied employment under circumstances that give rise to an inference of discrimination. *Id.* at 1114–15. An essential element of a plaintiff's proof under § 510 is a demonstration that the employer was at least in part motivated by the specific intent to engage in activity prohibited by § 510. *Dister v. Continental Group, Inc.*, 859 F.2d at 1111. Conversely, a § 510 claim will not lie where the loss of pension benefits was a

mere consequence of, but not a motivating factor behind, a termination or adverse employment action. *Id.*

The Second Circuit "has explained that '[s]ection 510 was designed primarily to prevent unscrupulous employers from discharging or harassing employees in order to keep them from obtaining vested pension rights.'" *Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 334 (2d Cir.1997) (quoting *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988)). There are no facts alleged here tending to show any such actions by the Xerox defendants.

Moreover, § 510 only "reaches conduct which directly affects the employer-employee relationship in a fundamental way . . . so as to interfere with . . . pension rights." *Swanson v. U.A. Local 13 Pension Plan*, 779 F.Supp. 690, 702 (W.D.N.Y.), *aff'd*, 953 F.2d 636 (2d Cir. 1991). Given that 89 out of the 96 plaintiffs are currently employed by Xerox, and that not one of the 96 plaintiffs has alleged that the employer-employee relationship was adversely affected at all, and certainly not by any specific intent to deprive them of ERISA protected benefits, defendants' allegedly improper or incorrect calculation of plaintiffs' benefit amounts could not possibly amount to a violation of § 510.

I recognize that, at this early stage, plaintiffs are not yet required to carry their ultimate burden of proof. They are, however, required to articulate a claim upon which relief may be granted. Xerox contends that because virtually all plaintiffs still have their jobs at Xerox, it is impossible for them to demonstrate that Xerox took any adverse job action against them on account of their receiving pension benefits. Because the complaint does not even allege that plaintiffs suffered any adverse job action, plaintiffs cannot establish

a § 510 claim. The sixth count must, therefore, be dismissed.

## IV. Plaintiffs' Claim Under 29 U.S.C. § 1054(d) and (e)

■ In their seventh count, plaintiffs allege that the Plan violated ERISA, 29 U.S.C. § 1054(d) and (e), because the Plan failed to give rehired employees the option of repaying prior distributions of benefits back into the Plan. Dismissal is warranted on this count because ERISA does not require that an employee be permitted to buy back into such a plan upon being rehired, and because such a claim, if it existed, would be time-barred in any event.

Section 1054(d) provides, in pertinent part, that "for purposes of determining the employee's accrued benefit under the plan, the plan may disregard service performed by the employee with respect to which he has received" a cash distribution. 29 U.S.C. § 1054(d). Section 1054(e) contains an exception to the general rule, but it does not mandate, as plaintiffs allege, that the Plan contain a provision allowing all former employees to buy back into the plan upon rehire. Instead, it merely requires a "buyback" opportunity if the plan fails to credit prior service and there has been a prior forfeiture.

Since plaintiffs do not allege that Xerox failed to count their prior service, and since plaintiffs acknowledge receipt of their accrued benefits at the time of their initial separation from Xerox, no forfeiture existed. Plaintiffs, therefore, have no statutory right to buy back into the plan.[2]

For these reasons, the seventh count must be dismissed.

---

2. The seventh count is also subject to dismissal because even if such a claim were available, it would be time-barred by the applicable statute of limitations contained within 29

## V. Plaintiffs' Request for a Declaratory Judgment

■ In their first count, plaintiffs seek a declaratory judgment pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2101 and 2102. Rule 57 explicitly provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, the plaintiffs have provided no explanation as to why this is such an appropriate case. In fact, they admit that the same declaratory relief they seek is encompassed under § 1132(a)(3). Plaintiffs Memorandum of Law, p. 23 (Dkt. # 75). Xerox further contends that plaintiffs' request for a declaratory judgment should be dismissed because ERISA provides adequate relief for each plan participant's alleged injury. I agree. *See Tuohig v. Principal Ins. Group,* 134 F.Supp.2d 148, 152 (D.Mass.2001). Congress intended ERISA to be a comprehensive statutory scheme to redress the rights of plan participants. Plaintiffs have requested clarification of their rights in other ERISA counts in their complaint. The first count of the complaint is therefore dismissed.

## CONCLUSION

Defendant Xerox Corporation's motion to dismiss (Dkt. # 72 in *Frommert* ) is granted, and the complaint is dismissed as to Xerox Corporation.

The motion to dismiss (*id.*) filed by defendants Sally L. Conkright, Patricia M. Nazemetz and Lawrence M. Becker, in their capacity as Xerox Corporation Plan Administrators, and the Xerox Corporation Retirement Income Guarantee Plan is granted in part and denied in part. The first, sixth, and seventh counts are dis-

---

U.S.C. § 1113. Plaintiffs do not dispute that they were rehired no later than 1991, twelve years ago. No plaintiff has alleged any attempt to buy back into the Plan.

missed in their entirety. The second count is dismissed only as to Xerox Corporation. In addition, plaintiffs' claims under 29 U.S.C. § 1132(a)(3) are dismissed as to all defendants. In all other respects, the motion is denied.

IT IS SO ORDERED.